## Case No. 7,418.

JOHNSON v. UNITED STATES.

[3 McLean, 89.][1]

Circuit Court. D. Michigan. Oct. Term, 1842.

[1] [Reported by Hon. John McLean, Circuit Justice.]

Mr. Howard, for plaintiff.
Mr. Bates, Dist. Atty., for defendant.

OPINION OF THE COURT. This is an application for a rule to show cause why a writ of habeas corpus should not be issued to bring up the body of the defendant, now confined in the penitentiary by the sentence of this court, for aiding and assisting in making counterfeit money. The indictment charged the offence to have been committed more than two years before the indictment was found. The 31st section of the act of the 30th April, 1790, declares, "that no person shall be prosecuted, tried·or punished, for any offence not capital, &c. unless the indictment or information for the same shall be found or instituted within two years from the time of committing the offence, &c., provided that nothing herein contained shall extend to any person or persons fleeing from justice." As the act under which the defendant was indicted and ·convicted, was ·passed after the above act of limitation was enacted. a question is made whether the limitation can apply to statutes subsequently passed.. In the case of Adams v. Woods, 2 Cranch [6 U. S.] 336, the court held the limitation of the act of 1790, did apply to offences under subsequent statutes. By the act of 28th February, 1839 [1 Stat. 321], the limitation on criminal prosecutions "for any penalty or forfeiture, was extended to five years." But the case before us comes under the act of 1790. And it is insisted, that as that act prohibits the punishment of the offender, where the prosecution is not commenced within the two years, the proceedings were null and void, and not merely erroneous; and that on this ground the prisoner should be discharged. Where there is a want of jurisdiction apparent upon the record, the proceedings of a court are not valid. But there is no want of jurisdiction in this case. The court had jurisdiction of the offence, and if there was a bar under the statute, it should have been pleaded. No such plea was interposed, and the question is, whether the objection can be raised on a writ of habeas corpus. We suppose it cannot. By failing to set up the defence, the defendant waived it. And if this were not the legal effect of failing to set up the statute, it is clear that on the habeas corpus, the court cannot look behind the sentence of the court, where the jurisdiction is undoubted. The time laid in the indictment is not material, and proof may have been made on the trial, that the prosecution was commenced within the limitation of the act. And the proviso in the statute, that it shall not run where the defendant absconded, is an exception which may have been shown by the evidence. In every aspect in which the case may be considered, there seems to be no ground on which the defendant can claim his discharge. The motion is overruled.