## COMMONWEALTH *vs.* SAMUEL J. VARNEY.

An indictment for a libel on B. need not describe B. as of any profession, occupation, or place of residence.

An indictment charging that the defendant published a libel on the twenty-first of the month, may be supported by a publication on the nineteenth of the same month.

*Aliter,* if the indictment had alleged that the libel was published in a paper *dated* the twenty-first of the month.

THIS was an indictment, which alleged that the defendant, at Lowell, " on the twenty-first day of November, in the year eighteen hundred and fifty-one, contriving, and unlawfully and wickedly intending to injure, vilify, and prejudice Benjamin F. Butler, did print and publish a certain false, scandalous, and malicious libel, of and concerning the said Benjamin F. Butler, in a certain newspaper then and there published and extensively circulated, called ' Lowell Courier and Journal,' in a certain part of which said newspaper and publication there were and are contained the following, false, wicked, and scandalous matters of and concerning said Benjamin F. Butler, &c.," setting forth the libel at large.

At the trial in the court of common pleas, before *Hoar,* J. the defendant moved the court to quash the indictment, because it did not contain any description of Benjamin F. But-

ler, as to his calling, profession, or place of residence. But the court refused so to do. The district attorney offered to the jury, as evidence of the libel, an article contained in a newspaper called Lowell Courier and Journal, purporting to have been printed and published by the defendant on the 19th day of November, 1851. To this evidence the defendant objected, because the indictment alleged the libel to have been contained in a newspaper, called Lowell Courier and Journal, printed and published by the defendant on the 21st day of said November. But the court admitted the evidence. The jury found the defendant guilty, and he alleged exceptions. The case was argued at Boston, in January, 1853.

*T. Wentworth*, for the defendant.

*Choate*, (attorney-general,) for the commonwealth.

METCALF, J. The exception taken to the refusal of the court to quash the indictment must be overruled. The statute of additions extends only to the party indicted. An indictment, therefore, need not describe, by any addition, the person upon whom the offence therein set forth is alleged to have been committed. *The King* v. *Sulls*, 2 Leach, (3d ed.) 1006; 2 Hale P. C. 182; 1 Chit. Crim. Law, 211.

The exception taken to the admission of the newspaper in evidence must also be overruled. The defendant insists that as the indictment alleged that the libel was published by him on the 21st of November, in the Lowell Courier and Journal, evidence that it was published by him in a newspaper of that name, bearing date November 19, did not support the indictment; that there was a variance between the allegation and the proof. But there was no such variance. Even if it had been necessary, in order to sustain the indictment, to prove that the defendant published the libel on the day alleged, that fact might well have been proved by showing that he published, on that day, a libel contained in a newspaper dated and issued on an earlier day. And the exception does not show that the proof did not exactly conform to the allegation. But it was not necessary to prove that the libel was published on the day alleged. Proof that it was published at any time within the statute of limitations was sufficient to sustain the

indictment. Archb. Crim. Pl. (5th Amer. ed.) 116; 1 Stark. Crim. Pl. (2d ed.) 61; 11 Met. 574; 3 McLean, 89. If the indictment had alleged that the libel was published in a newspaper called Lowell Courier and Journal, bearing date November 21, proof that it was published in a newspaper of that name, bearing date on any other day, would not have supported the indictment. The date would have been matter of description, and it would have been as necessary, in order to avoid a variance, to prove a publication in a newspaper of that date, as in a newspaper of that name. But the indictment as drawn, was sustained by the evidence excepted to. *Coxon* v. *Lyon,* 2 Campb. 307, *note;* 2 Greenl. Ev. § 12; 2 Gabbett Crim. Law, 227.        *Exceptions overruled.*