## Case No. 11,834.

### In re RILEY.

[1 Ben. 408;[1] 39 How. Prac. 108.]

District Court, S. D. New York.    Sept., 1867.

ARMY—ENLISTMENT—OATH OF RECRUIT—EIGHTEEN YEARS OF AGE—POWER OF COURT—DUTY OF SECRETARY OF WAR.

1. The oath taken by a recruit, on his enlistment into the army of the United States, as to his age, is conclusive as against himself and every one else.

[Cited in Seavey v. Seymour, Case No. 12,596.]

2. Enlistments of minors over eighteen years of age, into the army of the United States, without the consent of their parents, masters or guardians, are valid, but it is not lawful to muster into the service a person under eighteen years of age.

[Cited in Seavey v. Seymour, Case No. 12,596; Re Davison, 4 Fed. 509; Id., 21 Fed. 622.]

3. The whole power of discharging minors from the army, is given to the secretary of war, and cognizance of such matters is taken from the courts.

[Cited in Re Neill, Case No. 10,089.]

The writ of habeas corpus in this case was issued on a petition setting forth that John Riley was illegally restrained by the officer in command of the military quarters at Willet's Point, within this district; that the cause or pretence of such restraint was, that Riley enlisted in the military service of the United States, at Boston, on or about October 23, 1866; that Riley was not eighteen years of age at the time of his enlistment; that Riley's father resided at Nashua, New Hampshire, and did not consent to the enlistment of his son or have any knowledge thereof; and that the enlistment was void as to the father. The return to the writ set forth that Riley was a soldier duly enlisted in the service of the United States; that he enlisted October 23, 1866, at Boston, for three years; and that he had never been discharged from service. The original enlistment paper of Riley was submitted to the court with the return. In it Riley made oath that he was, on the 23d of October, 1866, "aged nineteen years." There was no traverse of the return, and no testimony was given except what was contained on the face of the foregoing papers. On the part of

[1] [Reported by Robert D. Benedict, Esq., and here reprinted by permission.]

Riley it was contended. that the enlistment was void ab initio, because he was a minor under the age of twenty one years at the time, and enlisted without the consent of his father, and that the oath taken by him on his enlistment was not conclusive on his father, but was at most only conclusive on himself.

BLATCHFORD, District Judge.    I have heretofore decided, in the Case of Cline [Case No. 2,896], on habeas corpus, that the provision of the second section of the act of February 13th, 1862 (12 Stat. 339), which declares that "the oath of enlistment taken by the recruit shall be conclusive as to his age," is as conclusive and binding upon this court, as it is upon the recruit or upon the United States, and that the intent of congress manifestly was, that no evidence should be received to contradict a statement as to the age of the recruit, contained in the oath taken by him on his enlistment. Case of Reilly [2 Abb. Prac. (N. S.) 334], before Judge Daly (Com. Pl. N. Y., March, 1867); In re Conley [Case No. 3,102], and Case of Jump [unreported], before Judge Betts, in this court, January, 1867. There is no foundation for the suggestion, that the oath taken by a minor recruit, though it may be conclusive as to the recruit himself, is not conclusive as to his parent. The idea on which that claim is made is, that the minor owes service to his parent and cannot lawfully contract, against or without the consent of his parent, to render his services to another. But such duty of the minor to his parent is subordinate to the paramount right of the government to demand his military services. The constitution of the United States has conferred specifically upon the congress of the United States the power to raise armies. It is a necessary incident of such power, that congress has authority to declare who may be enlisted as soldiers, and what age shall be considered an age of consent to such enlistment. Congress may prescribe a standard of height, age, birth place. and other qualifications. It may, in the case of a minor, require the consent of his parents to his enlistment, or it may omit to require such consent. It may fix the age of sixteen, or the age of eighteen. or any other age, either above or below twenty-one, as the age of enlistment. When the age is fixed, it may declare what shall be considered conclusive evidence of such age, just as it may declare what shall be considered conclusive evidence of the consent of the recruit to his enlistment. The provision of law, that "the oath of enlistment taken by the recruit shall be conclusive as to his age," means, that where the recruit. on his enlistment, takes an oath which shows that he is of the age at which the law authorizes an enlistment, such oath shall be conclusive evidence as against himself, his parents, the United States, the officer who enlisted him, and all the world,

that he is of such age; and the enlistment is binding and valid so far as the question of the age of the recruit is concerned.

In the present case, the recruit having sworn, on his enlistment, that he was nineteen years of age, the only questions presented for consideration are, whether the enlistment of a recruit of that age is authorized by the laws of the United States, and, if it is, whether the consent of his parents to his enlistment is necessary. The determination of these questions requires an examination of the legislation of the United States on this subject.

The act of March 16, 1802 (2 Stat. 132), entitled, "An act fixing the military peace establishment of the United States," provided, in section eleven, for the enlistment of persons between the ages of eighteen and thirty-five years, and declared "that no person under the age of twenty-one years shall be enlisted by any officer, or held in the service of the United States, without the consent of his parent, or guardian, or master, first had and obtained, if any he have." Acts declared to be "in addition" to the act of March 16th, 1802, were passed on the 28th of February, 1803 (2 Stat. 206), and the 26th of March, 1804 (2 Stat. 290). These acts merely provided for additions to the military force. On the 12th of April, 1808, an act was passed entitled, "An act to raise for a limited time an additional military force." 2 Stat. 481. This act provided that, in addition to the then existing military establishment of the United States, there should be raised certain regiments of soldiers. Section 5 of that act declared, that the provisions of the act of March 16th, 1802, relative to the age of recruits, should be in force and applied to all persons, matters and things within the intent and meaning of such act of 1808, in the same manner as if they were inserted at large in the same. On the 24th of December, 1811, an act entitled, "An act for completing the existing military establishment" was passed. 2 Stat. 609. This act enacted, that the military establishment, as then authorized by law, that is, by the acts above referred to should be immediately completed. On the 11th of January, 1812, an act was passed entitled, "An act to raise an additional military force." 2 Stat. 671. This act provided for raising thirteen regiments of soldiers. The eleventh section of this act declared, "that no person under the age of twenty-one years shall be enlisted by any officer, or held in the service of the United States, without the consent, in writing, of his parent, guardian or master, first had and obtained, if any he have." This provision of the act of 1812 was substantially the same as that of the acts of 1802 and 1808, with the addition, that the consent of the parent, guardian or master of the minor was required to be in writing. An act supplementary to the act of April 12, 1808, was passed on the 24th of February, 1812. 2 Stat. 685. An act supplementary to the act of January 11, 1812, was passed on the 17th of March, 1812. 2 Stat. 695. An act in addition to the act of January 11, 1812, was passed on the 8th of April, 1812. 2 Stat. 704. These three acts contain no provisions bearing on the question under consideration, and are only cited as showing that the acts to which they were supplementary and additional were still in force.

On the 20th of June, 1812, an act was passed entitled, "An act for the more perfect organization of the army of the United States." 2 Stat. 764. This act declared of how many regiments the infantry of the army should consist, and of what a regiment of infantry should consist, and of what a troop of cavalry should consist. It also recognized the acts of April 12, 1808, and January 11, 1812, as in force. It also declared (section 5) that the military establishment authorized by law previous to the 12th of April, 1808, and the additional military force raised by virtue of that act, should be incorporated. On the 20th of January, 1813, an act was passed, supplementary to the act of June 26, 1812. 2 Stat. 791. This act provided for an advance of pay to recruits "in order to complete the present military establishment to the full number authorized by law, with the greatest possible despatch." It also enacted (section 5) that the recruiting officer should be entitled to receive for every effective able bodied man who should be duly enlisted after February 1, 1813, for five years or during the war, and mustered, "and between the ages of eighteen and forty-five years," the sum of four dollars, and "that no person under the age of twenty-one years shall be enlisted by any officer, or held in the service of the United States, without the consent, in writing, of his parent, guardian, or master, first had and obtained, if any he have." The language of this restriction was the same as that of the act of January 11, 1812. On the 29th of January, 1813, an act was passed, additional to the act of January 11, 1812. 2 Stat. 794. This act provided, that, in addition to the then existing military establishment of the United States, there should be raised certain additional regiments of infantry, to be enlisted for one year. It also enacted (section 7) that the recruiting officers, employed in recruiting the force authorized by the act, should be entitled to receive for every person enlisted by them into the service, for the term specified, and approved by the commanding officer of the regiment, and "between the ages of eighteen and forty-five years," the sum of two dollars. The same section contained a provision in regard to the consent in the case of persons under the age of twenty-one years, in the same words as the provisions in the acts of January 11, 1812, and January 20, 1813. On the 5th of July, 1813, an act was passed

amendatory of the act of January 29, 1813. 3 Stat. 3. It provided, that five of the regiments authorized to be raised by the act of January 29th, 1813, might be enlisted for the war. An act passed January 28, 1814 (3 Stat. 96), authorized the enlistment for five years, or during the war, of the regiments then authorized by law to be enlisted for one year; and the fifteenth section of the act of March 30, 1814 (3 Stat. 113), enacted, that the five regiments referred to in the act of July 5, 1813, might be enlisted, at the option of the recruit, "for five years, or for and during the war."

Such was the condition of the law on the 10th of December, 1814. Enlistments of soldiers between the ages of eighteen and forty-five years were authorized, but, if the recruit was under the age of twenty-one years, the previous consent in writing of his parent, guardian, or master, if he had one, was necessary to the validity of the enlistment. On the 10th of December, 1814, an act was passed, entitled, "An act making further provisions for filling the ranks of the army of the United States." 3 Stat. 146. The first section provides "that, from and after the passing of this act, each and every commissioned officer who shall be employed in the recruiting service, shall be, and he hereby is, authorized to enlist into the army of the United States, any free, effective, able-bodied man, between the ages of eighteen and fifty years; which enlistment shall be absolute and binding upon all persons under the age of twenty-one years, as well as upon persons of full age, such recruiting officer having complied with all the requisitions of the laws regulating the recruiting service." The second section provides, "that it shall not be lawful for any recruiting officer to pay or deliver to a recruit under the age of twenty-one years, to be enlisted by virtue of this act, any bounty or clothing, or in any manner restrain him of his liberty, until after the expiration of four days from the time of his enlistment, and it shall be lawful for the said recruit, at any time during the said four days, to reconsider and withdraw his enlistment, and thereupon he shall forthwith be discharged and exonerated from the same." The third section repeals so much of the fifth section of the act of January 20, 1813, as required the consent in writing of the parent, guardian or master, to authorize the enlistments of persons under the age of twenty-one years, and contains a proviso that, in case of the enlistment of an apprentice held to serve at the time for any term between two and three years, his master shall be entitled to one-half of his money-bounty, and if held to serve between one and two years, to one-third, and if held to serve one year or less, to one-fourth. The effect of these provisions of the act of December 10th, 1814, was, to authorize the enlistment of soldiers between the ages of

eighteen and fifty years, and to make the enlistment of persons under the age of twenty-one years, without the consent of their parents, guardians or masters, as binding upon the recruits, and their parents, guardians and masters, and the United states, and all the world, as if the recruits were persons of full age. It is true, that no previous provision, requiring the consent in writing of the parent, guardian or master, to authorize the enlistment, was expressly repealed, except the provision to that effect in the act of January 20, 1813. The provisions to that effect in the acts of March 16, 1802, April 12, 1808, January 11, 1812, and January 29, 1813, were not expressly repealed. But they were entirely inconsistent with the provisions of the act of December 10, 1814. The intention of congress, as clearly expressed in the act of 1814, was, to authorize the enlistment of minors over the age of eighteen years, without the consent of their parents, guardians or masters. The provisions of the act of 1814 being thus entirely inconsistent with those of the act of January 20, 1813, the effect would have been to repeal and supersede the provisions of the act of January 20, 1813, in regard to consent, even if there had been no express repeal of those provisions. And the act of 1814 has equally the effect of repealing and superseding the provisions of the acts of 1802, 1808, and 1812, and January 29, 1813. The first section of this act of 1814 is still in force, and, under it, enlistments of minors over the age of eighteen years, without the consent of their parents, guardians or masters, are valid.

On the 28th of September, 1850, an act was passed entitled, "An act making appropriations for the support of the army for the year ending the 30th of June, 1851" (9 Stat. 504), the fifth section of which provided, that it should be the duty of the secretary of war to order the discharge of any soldier of the army of the United States, who, at the time of his enlistment, was under the age of twenty-one years, upon evidence being produced to him that such enlistment was without the consent of his parent or guardian. This fifth section of the act of 1850, while it was in force, still left the enlistment, of a minor over the age of eighteen years, without the consent of his parent, guardian or master, valid, as authorized by the act of 1814, and conferred no authority upon any court to discharge such minor from service, on the ground that he had enlisted without such consent, and that, therefore, such enlistment was invalid, but merely imposed on the secretary of war the duty of discharging a soldier who was a minor at the time of his enlistment, upon evidence that he enlisted without the consent of his parent or guardian. But this provision of the fifth section of the act of 1850 was expressly repealed by the second section of the

act of February 13, 1862 (12 Stat. 339), which provides, "that the fifth section of the act of 28th September, 1850, providing for the discharge from the service of minors enlisted without the consent of their parents or guardians, be, and the same hereby is, repealed, provided, that hereafter no person under the age of eighteen shall be mustered into the United States service, and the oath of enlistment taken by the recruit shall be conclusive as to his age." This language of the act of 1862 shows, that it was the understanding of congress that minors over the age of eighteen years could lawfully be enlisted and mustered as soldiers into the United States service, without the consent of their parents or guardians, and that they were not to be discharged from service for want of such consent. The repeal of this provision of the act of 1850 left the first section of the act of December 10, 1814, with its effect and operation, as before explained, still in force, and deprived the minor recruit, who had enlisted without the consent of his parent or guardian, and also such parent or guardian, of all means of obtaining a discharge on the ground of such want of consent.

On the 24th of February, 1864, an act was passed, the twentieth section of which (13 Stat. 10), provides, "that the secretary of war may order the discharge of all persons in the military service who are under the age of eighteen years at the time of the application for their discharge, when it shall appear, upon due proof, that such persons are in the service without the consent, either expressed or implied, of their parents or guardians, provided that such persons, their parents or guardians, shall first repay to the government, and to the state and local authorities, all bounties and advance pay which may have been paid to them, anything in the act to which this is an amendment to the contrary notwithstanding." On the 4th of July, 1864, an act was passed, the fifth section of which (13 Stat. 380), provides, that the twentieth section of the act of February 24, 1864, "shall be construed to mean that the secretary of war shall discharge minors under the age of eighteen years, under the circumstances and on the conditions prescribed in said section; and, hereafter, if any officer of the United States shall enlist or muster into the military service any person under the age of sixteen years, with or without the consent of his parent or guardian, such person so enlisted or recruited shall be immediately discharged upon repayment of all bounties received." These provisions of the two acts of 1864 leave the provisions of the first section of the act of December 10, 1814, and of the second section of the act of February 13, 1862, in full force. Enlistments of minors over the age of eighteen years, without the consent of their parents, guardians or masters, are valid, and the oath

of enlistment taken by the recruit is conclusive as to his age, but it is not lawful to muster into service a person under the age of eighteen years. Certain powers of discharge are granted to the secretary of war, which he is required to exercise in the cases specified. The sum of these provisions for discharge is as follows: (1) A minor, who is under the age of eighteen years at the time he applies for his discharge to the secretary of war, is to be discharged by that officer, when it appears, upon due proof, that such minor is in the service without the consent, either expressed or implied, of his parent or guardian, provided all bounties and advance pay which may have been paid to him are first repaid. (2) A person who was under the age of sixteen years when he was enlisted or mustered into service, is to be discharged by the secretary of war, whether he was enlisted or mustered with or without the consent of his parent or guardian, provided all bounties received by him are first repaid, and provided he is under the age of eighteen years at the time he applies for his discharge, and is in the service without the consent, either expressed or implied, of his parent or guardian. The whole power of discharge is given to the secretary of war in regard to minors, whatever their ages when they enlisted or when they apply for discharge; and, although it is not lawful to muster into service a person under the age of eighteen years, yet congress has, by the acts of 1864, confided wholly to the secretary of war the power and duty of discharging from service a person who was under the age of eighteen years when he was mustered into service, and of ascertaining and deciding, (1) whether the person is a minor under the age of eighteen years at the time he applies for his discharge; (2) whether, if he is such minor, he is in the service without the consent, either expressed or implied, of his parent or guardian; (3) whether such person was under the age of sixteen years when he was enlisted or mustered into service; (4) whether all bounties and advance pay paid to such person have been repaid. The entire cognizance of these matters is given by law to the secretary of war, and is necessarily taken from the courts. The courts cannot administer the restitution of the bounties and pay, and it is manifestly the intention of congress, that the secretary of war shall be exclusively charged with the question of discharging minors who are under the age of eighteen years when they apply for their discharge. As to the cases provided for by the acts of 1864, and so far as the jurisdiction of the secretary of war extends under those acts, the provision of the second section of the act of February 13, 1862, that the oath of enlistment taken by the recruit shall be conclusive as to his age, is necessarily suspended, and the secretary is authorized and required to receive other

due proof as to the age of the recruit, both at the time of his enlistment and at the time he applies for his discharge.

The conclusions I have arrived at, as above expressed, are not only reached upon principle, but they are sustained by authority. In the Cases of Conley and Jump, before Judge Betts, in this court, January, 1867, it was decided, that the two acts of 1864 transferred wholly from the cognizance of the judiciary to the department of war the exclusive charge of the status of minor recruits in the army. A like decision was made by the same judge in the Case of Thomas Conroy, April, 1867. In the Case of George Reilly, before Judge Daly, a jurist of great experience and sound and discriminating judgment, it was held (March, 1867), that the result of the legislation of congress is, that minors over the age of eighteen years may be enlisted without the consent of their parents or guardians. In the Case of John O'Connor, before the general term of the supreme court of New York, for the First district, February, 1867, it was held that, as congress has, by the acts of 1864, provided for a mode of discharge by the secretary of war, and prescribed the terms and conditions on which a discharge can be granted, such provision may be construed as forbidding other modes of obtaining a discharge in a case of improper enlistment.

There is one view to be deduced from the language of the acts of 1864, which has not yet been alluded to, and which has great force in regard to the present case. It is, that congress clearly evinces, by those acts, its understanding, that the enlistment of a minor over the age of eighteen years is valid, and that the consent of his parent or guardian is not necessary to the validity of the enlistment. Congress does not make by those acts any provision for the discharge of a minor who was over the age of eighteen years when he enlisted, or who was under that age when he enlisted, but is over it when he applies for his discharge, but provides solely for the discharge of a minor who is under that age when he applies for his discharge. The remedy is applied to the mischief. There is no unlawfulness in the enlistment of a minor over the age of eighteen years, even though his parent or guardian does not consent. But a minor under the age of eighteen years must not enlist, and, if he applies to the secretary of war for his discharge before he arrives at the age of eighteen years, and shows that he is in the service without the consent of his parent or guardian, he is to be discharged, on first repaying his bounties and advance pay. The minor, in the present case, was nineteen years of age when he enlisted, as appears by his own oath taken on his enlistment. His enlistment was, therefore, valid, and did not require the consent of his father to make it valid, and he must be remanded to service under his proper officer.