## *In re* WHITE.

(*Circuit Court, D. California.* July 24, 1883.)

1. COURT MARTIAL—JURISDICTION.
   A court martial has exclusive jurisdiction to try a party duly enlisted in the army for the military offense of desertion.
2. DESERTION—STATUTE OF LIMITATIONS.
   The limitation prescribed for the trial and punishment of the offense of desertion by the 103d article of war is matter of defense, and the tribunal having jurisdiction to try the charge of desertion, is the tribunal having jurisdiction to determine whether the bar of the statute has attached or not.
3. SAME—INTERFERENCE OF CIVIL COURTS.
   Civil courts have no jurisdiction to interfere with the military tribunals, while proceeding regularly in the exercise of their jurisdiction to try parties accused of desertion from the army.

Petitioner, *in pro. per.*
*Major W. Winthrop,* Judge Advocate, for Major Frank.
Before FIELD and SAWYER, JJ.

SAWYER, J. On July 13th a writ of *habeas corpus* was issued upon the petition of Arno White, in which he alleges that he is unlawfully detained by Major Royal T. Frank, of the First regiment of artillery, United States army, commanding the post at Alcatraz island; that the illegality consists in this · that he was arrested on June 23d last, and he is now held for trial before a court martial as an alleged deserter from the Eighth regiment of infantry, for the offense of desertion, alleged to have been committed at Benicia, California, on February 7, 1880; that the military statute of limitations in the 103d article of war provides that "no person shall be liable to be tried and punished by a general court martial for any offense which appears to have been committed more than two years before the issuing of the order for such trial, unless by reason of having absented himself, or of some other manifest impediment, he shall not have been amenable to justice within that period;" that more than two years had elapsed before his arrest, after the date of said alleged desertion; and he has not during said period absented himself, but has remained openly in San Francisco, and been, during all said period, within the jurisdiction of said court martial, amenable to justice. The writ having been served, the said Major Frank produced the body of the petitioner, and made due return to the writ that he is the officer in command of the post at Alcatraz island, employed by the military authorities as a place of detention and confinement of military prisoners; that the petitioner was, on June 23, 1883, by order of the commander of the proper military department, arrested and committed to said post, and to his charge as commandant, in whose custody he now is held in confinement; that he is so held by authority of the United States, and the order of his commander, as an alleged deserter from the Eighth regi-

ment of infantry of the United States army, to await trial by a general court martial, and for the performance of such military service as may be due by him to the United States.

Upon the hearing on the petition and return, the following facts were agreed to by the parties: The petitioner enlisted at Boston, Massachusetts, January 18, 1876, as a private in the. Eighth regiment of infantry, United States army, for five years. He deserted from the said regiment and the military service at Benicia, California, where his company was then stationed, on February 7, 1880. After his alleged desertion, continuously till his arrest, he remained and resided in the state of California, and except one month, during which time he was at Red Bluff, California, he resided in the City of San Francisco, making no attempt to conceal himself. He was arrested in San Francisco on June 23, 1883, and by order of the commander of the department committed to, and he has ever since been confined at, the post at Alcatraz island, California, commanded, by the officer to whom the writ was directed, "to await trial by general court martial, and for the performance of such military service as may still be due by him to the United States." No order for his trial by a court martial has yet been issued.

On the state of facts set out, is the petitioner legally held for trial by a court martial for the military offense of desertion? If so, he must be remanded and the writ discharged, whether he is amenable to punishment under the statute of limitations or not. It is not disputed that a military court martial has *general* jurisdiction to try a party for the military offense of desertion. The jurisdiction is clearly conferred upon courts martial by the constitution and laws of the United States, and it is exclusive. This covers the whole ground. Jurisdiction to determine whether a party is guilty of the offense necessarily involves the jurisdiction to determine what constitutes the offense under the statute—jurisdiction to construe the statute and adjudge what under the statute constitutes a good defense against the prosecution, and to determine whether the facts exist or not which are claimed to constitute a. valid defense. Jurisdiction is authority to hear, examine, and determine. The examination and determination of the issues presented is the exercise of jurisdiction. *In re Bogart,* 2 Sawy. 397, where the question is fully discussed and cases cited. A military court martial, duly organized, has jurisdiction to try a party charged with desertion. The fact of desertion being proved, if there is any legal ground of excuse or exoneration from punishment, that is matter of defense; and the court, having jurisdiction to try the charge, necessarily has jurisdiction to determine whether there is any legal defense. A desertion having taken place, whether the statute of limitations has run against it and barred punishment is matter of defense, and must be determined by the same tribunal which tries the charge. This point was made, care-

fully argued by counsel, and determined by the court, after full consideration, in *Bogart's Case*, 2 Sawy. 409, the circuit and district judges concurring.

In this case the petitioner alleges as a ground of the illegality of the imprisonment that the offense charged was committed more than two years before the arrest and order for a court martial. This is one of the issues tendered. It is not admitted in the return, but is in the statement of facts. This admission is only a substitute for evidence on the hearing. But this is not the court to try that issue. The court martial is the tribunal invested with that jurisdiction. Should this case be tried before a court martial duly organized, and decided against the petitioner, this court would have no appellate jurisdiction,—no reviewing power,—by *habeas corpus* or otherwise, over its decision. Nor are we authorized to interfere in advance, anticipating that the point may be wrongly decided, and take the case away from the court having jurisdiction to try it, and determine it ourselves. This would be, in our judgment, a plain usurpation of a jurisdiction committed to another tribunal—a jurisdiction not conferred upon this court. We can only inquire whether the military authorities are proceeding *regularly within their jurisdiction*. If they are, we cannot interfere, no matter what errors may be committed in the exercise of its lawful jurisdiction.

A case on *habeas corpus* in the United States district court for the southern district of New York has been called to our attention, (*In re Davison*, 4 FED. REP. 507,) where the petitioner was discharged on its appearing, by the admission of the parties, that more than two years had elapsed after the desertion without anything to obstruct an arrest and trial. We do not conceive that the admission of the facts in the course of the proceedings can affect the question of jurisdiction. The point is that the court martial, and not this court, has the jurisdiction to determine the facts and administer that branch of the law. The civil courts have nothing to do with it so long as the military tribunals are proceeding *regularly within* their *jurisdiction*. It does not appear that the jurisdictional point was distinctly presented or argued before the court in that case. The court seems to have assumed that it had jurisdiction without much consideration. However this may be, the point was fully argued by counsel, and examined and determined upon careful consideration by the court in this circuit, so long ago as 1873, in *Bogart's Case*, and notwithstanding our great respect for the decisions of the district judge of the southern district of New York, we see no good ground for doubting the correctness of our former decision. Were the question properly before us, we should have no difficulty in reaching the same conclusion as to the effect of the statute of limitations as that attained in *Davison's Case*, in the district court for the southern district of New York; but that question is not properly before us. As that is exclusively a question for the tribunal having jurisdiction to try a party

charged with the offense of desertion, we are not authorized to consider the question at all.

The prisoner must be remanded to the custody of the officer having him in charge, to be held for trial for the offense charged, in the due course of such proceedings, and the writ discharged; and it is so ordered.