*In re* DAVISON.

*(Circuit Court, S. D. New York.   September 17, 1884.)*

1. COURTS-MARTIAL—THEIR POWERS AS COMPARED WITH THOSE OF CIVIL COURTS.
   Courts-martial are lawful tribunals existing by the same authority as civil courts of the United States, have the same plenary jurisdiction in offenses by the law military, as the latter courts have in controversies within their cognizance, and in their special and more limited sphere are entitled to as untrammeled an exercise of their powers.

2. SAME—AMENABILITY OF SOLDIERS AND SAILORS TO THEIR JURISDICTION.
   Every one connected with the military or naval service of the United States is amenable to the jurisdiction which congress has created for their government, and while thus serving surrenders his right to be tried by the civil courts.

3. SAME—WITHIN THE SCOPE OF THEIR JURISDICTION NOT REVIEWABLE BY CIVIL COURTS.
   Provided a court-martial has jurisdiction to hear and determine and to render the particular judgment or sentence imposed, however erroneous the proceedings may be, they cannot be reviewed collaterally upon *habeas corpus.*

4. SAME—PRISONER PROPERLY BEFORE THEM HAS NOT BENEFIT OF WRIT OF HABEAS CORPUS.
   A party legally in custody, awaiting trial by court-martial, (and he is legally in custody if the offense is one of which that tribunal has jurisdiction,) cannot avail himself of a United States civil court in a *habeas corpus* proceeding.

5. SAME—STATUTORY LIMITATION.
   It is for the court-martial, and not for a civil court of the United States, to decide whether the statutory limitation contained in the 103d article of war can be invoked by a party accused of desertion to protect him from punishment.

6. SAME—PARTY IMPROPERLY ENLISTED—POWER OF SUCH COURTS.

If an alleged deserter was not ever duly enlisted in the United States service, he is not amenable to the jurisdiction of a court-martial. . . .

7. MINORITY OF SOLDIER—EFFECT OF REV. ST.

The effect of sections 1116, 1117, and 1118 of the Revised Statutes is that the contract of enlistment of a minor under 16 years of age is void; but that over that age it is valid, in the absence of fraud or duress as to him; but during his minority it is invalid at the election of his parents or guardians.

Appeal from District Court. See S. C. 4 FED. REP. 507.

*Asa Bird Gardner*, for the United States, appellant.

*Henry Grasse*, for relator, respondent.

WALLACE, J. This appeal is brought to review the decision of the district judge for the Southern district of New York, discharging, upon a *habeas corpus*, the petitioner, Davison, from the custody of Capt. Wood, of the first regiment United States artillery, commandant of the post of Fort Columbus. It appears by the record that Davison enlisted in the army of the United States in July, 1870, for the term of five years; deserted while on furlough in February, 1872; was arrested as a deserter, and brought to Fort Columbus in October, 1880, and was held in the custody of the respondent to await trial by general court-martial at the time the writ issued. It further appears that the petitioner was but 19 years of age when he enlisted; that he had a mother living and dependent upon him for support, who never consented to his enlistment; and that during the entire period between the petitioner's desertion and apprehension he was within the city of New York. The petitioner's discharge was claimed on two grounds: *First*, that his contract of enlistment was void, and therefore he could not be held as a deserter; and, *secondly*, that if he was a deserter he was not amenable to trial, because more than two years had elapsed since the commission of the alleged offense. The learned district judge, in the opinion delivered by him, placed the petitioner's right to a discharge on the second ground.

Article of war 103 (Rev. St. § 1342) declares that "no person shall be liable to be tried and punished by a general court-martial for any offense which appears to have been committed more than two years before the issuing of the order for such trial, unless by reason of having absented himself, or of some other manifest impediment, he shall not have been amenable to justice within that period." The district judge reached the conclusion that the offense of desertion was complete when the original act of desertion took place; that it was not to be deemed a continuing offense; and that the facts of the petitioner's desertion more than two years before his apprehension, and of his continued presence within the United States, being undisputed, he could not be tried or punished by court-martial, and should therefore be released from custody.

Upon this appeal a very elaborate argument has been made by the counsel for the military authorities to show that the statutory limitation of article 103 is not intended to apply to the offense of deser-

tion; and if, as would seem to be plain, the offense is a continuous one,—that is, is repeated completely every hour and every moment the soldier willfully absents himself without leave *animus non revertendi*,—there is certainly fair room to contend that the two years do not begin to run until he returns or is apprehended. On the other hand, if this construction of article 103 should obtain, it would appear that congress, while intending to shield the deserter from punishment for the original desertion, and possibly for his persistent contumacy during a long period of years, also intended to subject him to punishment for remaining in a state of desertion during the two years last preceding his voluntary return to service or his apprehension. Such a construction might lead to the singularly arbitrary and apparently useless result of punishing a deserter in his extreme old age, when his return to military duty would be useless and farcical, while exempting him from criminal accountability for the flagrant offense originally committed.

The conclusions which have been reached, however, render it unnecessary and possibly inappropriate to adjudicate here the question thus suggested. It must be held that it is for the court-martial and not for this court to decide whether the statutory limitation can be invoked effectually by the accused to protect him from punishment. If the petitioner was legally in custody awaiting trial by court-martial for a military offense, this proceeding must fail. He was legally in custody if the offense is one of which that tribunal has jurisdiction. It is not the office of a writ of *habeas corpus* to anticipate the action of the appropriate tribunal by determining, in advance of its investigation and judgment, whether the accused is innocent or guilty of the offense for which he is held for trial, any more than it is to perform the functions of a writ of error after a trial has been had. Courtsmartial are lawful tribunals existing by the same authority that this court is created by, have as plenary jurisdiction over offenses by the law military as this court has over the controversies committed to its cognizance, and within their special and more limited sphere are entitled to as untrammeled an exercise of their powers. As is said in *Ex parte Milligan*, 4 Wall. 123: "The discipline necessary to the efficacy of the army and navy required other and swifter modes of trial than are furnished by the common-law courts; and, in pursuance of the power conferred by the constitution, congress has declared the kinds of trial, and the manner in which they shall be conducted, for offenses committed while the party is in the military or naval service. Every one connected with these branches of service is amenable to the jurisdiction which congress has created for their government, and while thus serving surrenders his right to be tried by the civil courts."

The question of the jurisdiction of a general court-martial may always be inquired into upon the application of any party aggrieved by its proceedings, and so may that of every other judicial tribunal;

but the range and scope of the inquiry is controlled by the same rules and limitations in both cases. There must be jurisdiction to hear and determine, and to render the particular judgment or sentence imposed. If this exists, however erroneous the proceedings may be, they cannot be reviewed collaterally upon *habeas corpus.* *Ex parte Kearney,* 7 Wheat. 38; *Ex parte Watkins,* 3 Pit. 193; *Ex parte Reed,* 100 U. S. 13–23. It would be as indecorous and as wanton a stretch of judicial power to assume in advance that a general court-martial will erroneously convict an accused person of a military offense, as it would be to indulge such a presumption concerning a common-law court.

The real inquiry is, therefore, whether the 103d article of war is a statutory inhibition upon the jurisdiction of courts-martial over offenses which appear to have been committed more than two years before the issuing of the order for trial, unless, by reason of the exception mentioned, the accused shall not have been amenable to justice within that period. The solution of this inquiry seems very plain. Articles 47 and 48 provide that any soldier who, having been duly enlisted in the service of the United States, deserts the same, shall, in time of peace, suffer such punishment, excepting death, as a court-martial may direct, and shall be tried and punished by a court-martial, although the term of his enlistment may have expired previous to his being apprehended. Although article 103 declares that no person shall be "liable to be tried and punished" by a general court-martial for an offense which appears not to have been committed within the two years, this language does not limit or qualify the jurisdiction of the military tribunals, but prescribes a rule of procedure for the benefit of the accused, to be considered and enforced upon the trial, in the exercise of a jurisdiction already conferred. The limitation is a matter of defense, which is to be entertained and determined like any other question involving an adjudication upon the merits of the case.

Language almost identical, declaring that no person should be "prosecuted, tried, or punished" for an offense not committed within two years before indictment found, was employed in the act of congress of April 30, 1790, § 31. In *Johnson* v. *U. S.* 3 McLean, 89, arising upon *habeas corpus,* the court held that although it appeared upon the record of conviction that the offense for which the relator was sentenced was not committed within the two years, no want of jurisdiction was apparent; that the court before whom he was tried had undoubted jurisdiction, and if the statute was a bar it should have been pleaded. In *U. S.* v. *Cook,* 17 Wall. 168, the defendant sought to avail himself of the benefit of the same statute by a demurrer to the indictment, and it was held to be a statute of limitations, and not available to the defendant by a demurrer.

The precise question under consideration was decided by the circuit court for the district of California by FIELD and SAWYER, JJ., in *Re*

*White*, 17 FED. REP. 723. It was there held, on a proceeding in *habeas corpus*, that the limitation prescribed by article 103 is a matter of defense, and that the court-martial was the tribunal having jurisdiction to try the charge of desertion, and to determine whether the limitation attached or not; and because of these conclusions the court refused to discharge the relator, and remanded him to be dealt with by the military authorities.

If the relator was not duly enlisted in the service of the United States, he is not amenable to the jurisdiction of courts-martial. Not only is this the plain deduction from the statutory provisions which confer jurisdiction upon these tribunals, but such would be also the result from general principles. If his contract of enlistment was void, the government acquired no right to his services; he never became a soldier, and could not be a deserter. The provisions of the laws of congress in force at the time of the relator's enlistment, so far as they affect the point, are reproduced in sections 1116, 1117, and 1118, Rev. St. The antecedent legislation of congress upon the subject does not seem to afford any aid in the construction of these sections. The prior acts are collated and referred to in *Re Riley*, 1 Ben. 408, and in *Seavey* v. *Seymour*, 3 Cliff. 439; but there is nothing in their provisions, and no decisions of federal courts in construction of them, which materially assists in solving the question whether, under the present laws, the enlistment of a minor over 16 years of age is void at his election. Section 1116 is as follows:

"Recruits enlisting in the army must be effective and able-bodied men, and between the ages of 16 and 35 years at the time of their enlistment."

Section 1117 enacts:

"No person under the age of 21 years shall be enlisted or mustered into the military service of the United States without the written consent of his parents or guardians, provided that such minor has such parents or guardians entitled to his custody and control."

Section 1118 enacts:

"No minor under the age of 16 years, no insane or intoxicated person, no deserter from the military service of the United States, and no person who has been convicted of a felony, shall be enlisted or mustered into the military service."

The reasonable conclusion warranted by these sections would seem to be that the contract of enlistment of a minor under 16 years of age is void; but that if he is over that age it is valid, in the absence of fraud or duress as to him, but during his minority is invalid at the election of his parents or guardian.

It is not open to doubt that congress, under the constitutional power "to raise and support armies," may provide for the enlistment of minors, with or without the consent of their parents, and may give such effect and conclusiveness to the contract of enlistment as it may deem best. And it is equally clear that where the laws of congress authorize the enlistment of minors no question of the capacity of the

infant to contract can arise. Whenever the common-law disability is removed by statute, the competency of the infant to do all acts within the purview of the statute is as complete as that of a person of full age. *U. S.* v. *Bainbridge,* 1 Mason, 71; *Rex* v. *Rotherfield Greys,* 1 Barn. & C. 345; Schouler, Dom. Rel. 560. Sections 1116 and 1118 authorize the enlistment of minors of the age of 16 years, and thereby affirm their competency to enter into a contract with the government in that behalf. And it seems obvious that section 1117 was not intended for the benefit of the minor or for his protection, because it has no application unless he has a parent or guardian who is entitled to his custody and control. If such minors are competent to contract, they are competent to bind themselves by any representation or estoppel that may be an ingredient of the transaction out of which the contract arises. In many cases the military authorities have no means of knowing whether the minor who applies to enlist has parents or guardians who are entitled to his custody and control. It is not reasonable to suppose that congress intended to place it in the power of a minor old enough to perform military service to deceive the military authorities by representing himself as of full age, or as without parents, or as manumitted from their control, and to recall his representations and repudiate his contract after he has been accepted as a soldier and received the benefits of his contract.

The provision should not be extended to protect a party competent to contract against the consequences of his deliberate agreement, or of his own misrepresentations, unless the language plainly requires such a construction. The language is satisfied by a construction which permits the parents or guardians who are entitled to the services and custody of the minor to intervene and assert their rights, if their consent to his enlistment has not been obtained. Several adjudications are to the effect that under section 1117, or former laws of congress of similar purport, the contract of enlistment should be held invalid on the application of the parents or guardian of the minor. *Com.* v. *Blake,* 8 Phila. 523; *Turner* v. *Wright,* 5 Phila. 296; *Henderson* v. *Wright,* Id. 299; *Seavey* v. *Seymour,* 3 Cliff. 439. None, however, are cited by counsel, or have met the attention of the court, in which it has been decided that the minor, if over 16 years of age, can assert the invalidity of his contract. The case of *Menzes* v. *Camac,* 1 Serg. & R. 87, arising under the act of March 16, 1802, is directly in point. The statute in that case was similar in its provisions to section 1117, and the court held the minor bound by his contract; that the parent alone could assert its invalidity; and therefore refused to discharge the minor upon *habeas corpus* at his own application.

Several adjudications are cited to the effect that the oath of the minor at the time of his enlistment is conclusive upon the question of his age. Some of these rest upon the language of the statute in force at the time. The more satisfactory ground for refusing the dis-

charge, as the law now stands, seems to be that the enlistment is void only as to the parent or guardian of the minor.

The order of the district court is reversed, and the relator is remanded to the custody of the officer having him in custody, and the writ discharged.