### Ex parte TOWNSEND.

(District Court, D. Nebraska. November 11, 1904.)

1. COURTS-MARTIAL—REVIEW OF JUDGMENT BY CIVIL COURTS.

The judgment of a court-martial regularly organized convicting and sentencing a soldier for desertion, which judgment has been confirmed as provided in the articles of war, is not subject to review by a civil court in habeas corpus proceedings on the ground that the prosecution was barred by limitation under the 103d article of war, such defense being one to the merits to be determined by the court-martial, and not affecting its jurisdiction.

Application by Richard Townsend for a writ of habeas corpus.

Charles G. McDonald, for petitioner.

Irving F. Baxter, U. S. Atty., and Wm. G. Doane (Captain, Acting Judge Advocate U. S. Army), for respondent.

MUNGER, District Judge. Under the facts in this case it appears that petitioner, Richard Townsend, enlisted as a soldier in the United States army on May 4, 1898, for a term of three years; that he deserted

said service on the 8th of January, 1899; that he was apprehended and taken in custody by the military authorities on March 4, 1904, and tried before a military court-martial duly convened at Ft. Crook, Neb., on the 16th day of June, 1904. Before the court-martial said Townsend pleaded not guilty, and entered the further plea of the statute of limitations provided by the 103d article of war. He was duly convicted by the court-martial, and sentenced to be dishonorably discharged and confined at hard labor for a period of two years at Ft. Crook, Neb., which conviction and sentence was duly approved by the reviewing officer. It appears that the protocol of peace between the United States and Spain was signed in August, 1898, the treaty of peace signed in December, 1898, and ratified by the two countries in April, 1899. He petitions for his release upon writ of habeas corpus.

The Supreme Court, speaking with reference to military court-martials, have said:

"Courts-martial are lawful tribunals, with authority to finally determine any case over which they have jurisdiction; and their proceedings, when confirmed as provided, are not open to review by the civil tribunals, except for the purpose of ascertaining whether the military court had jurisdiction of the person and subject-matter, and whether, though having such jurisdiction, it had exceeded its powers in the sentence pronounced." Carter v. Roberts, 177 U. S. 496–498, 20 Sup. Ct. 713, 44 L. Ed. 861; Carter v. McClaughry, 183 U. S. 365–380, 22 Sup. Ct. 181, 46 L. Ed. 236.

The only inquiry, then, that can be made in this case is, first, did the court-martial have jurisdiction to hear and determine the offense charged? and, second, was the punishment imposed within its powers? That a military court-martial, when properly organized, has exclusive jurisdiction of the military offense of desertion, is not disputed; nor is it contended that the military court was not properly organized, and that its judgment was not properly examined and approved by the reviewing authority, as provided by the articles of war. The only contention is that, as the facts show that the statute of limitations provided by the 103d article of war was applicable to relieve petitioner from punishment by the court-martial for the military offense of desertion, that such court was without jurisdiction to impose any punishment. The 103d article of war is as follows:

"No person shall be tried or punished by a court martial for desertion in time of peace and not in the face of the enemy, committed more than two years before the arraignment of such person for such offense, unless he shall have meanwhile absented himself from the United States, in which case the time of his absence shall be excluded in computing the period of the limitation; Provided, that said limitation shall not begin until the end of the term for which said person was mustered into the service."

It is to be borne in mind that jurisdiction to hear and determine a cause and the exercise of such jurisdiction are very different matters. The plea of the statute of limitations does not challenge the jurisdiction of the court to hear and determine the matter, but is a plea to the merits, and a matter to be determined in the exercise of jurisdiction. U. S. v. Cook, 17 Wall. 168, 21 L. Ed. 538; In re Bogart, 2 Sawy. 396, Fed. Cas. No. 1,596; Johnson v. United States, 3 McLean, 89, Fed. Cas. No. 7,418; In re White (C. C.) 17 Fed. 723; In re Davison (C. C.) 21 Fed. 618. The 103d article of war does not furnish an absolute

bar to a prosecution for desertion after two years from the end of the term for which the person was mustered into the service. It operates only upon condition that such desertion was in time of peace, and not in the face of the enemy, and upon the further condition that the party has remained within the United States for the period of two years between the end of the term of such enlistment and the arraignment. Those conditions present questions of fact which it was the province of the court-martial to hear and determine in the exercise of its jurisdiction, and its finding and judgment are not subject to collateral attack. In re Brodie (C. C. A.) 128 Fed. 665–672. Were the law otherwise than as before stated, I do not think petitioner entitled to the benefit of the statute of limitations, as, in my opinion, his offense of desertion was not committed in time of peace. It is true, the treaty of peace between the United States and Spain had been signed at the time he deserted, but it was not ratified by the two countries until subsequent. A treaty of peace does not terminate war; it exists as to individual rights until such treaty is ratified. Ex parte Ortiz (C. C.) 100 Fed. 955; Hijo v. United States, 194 U. S. 315–323, 24 Sup. Ct. 727, 48 L. Ed. 994.

The writ is discharged.