By the Court.

From a general view of the acts of Congress for raising and organizing the army, we think the enlistment of all persons of every age is intended to be authorized. However this constitution may militate with the principles of the common law respecting infancy, we think it a necessary one. The proviso cited in the argument counteracts this construction, so far at least as it applies to infants having parents, guardians, or masters. Infants are, by the common law, incapable of making any contract binding on themselves, except in a very few instances. This incapacity is a security to them, intended for their benefit and protection. But the statutes of the United States, on the subject of enlistments, deprives them of this security and protection, unless the proviso may be considered as preventing its operation upon them. And we think that such must be its intention. The legislature ought not lightly to be presumed, in any case, thus to violate a fundamental principle of the common law.
* The argument suggested by the counsel for the re- [ * 71 ] spondent, that a minor has the power of binding himself by any act voluntarily done, to the performance of which the law would otherwise compel him, is correct; but we think it does not apply in the case before us. The obligation to do duty in the militia at home, under officers generally deriving their commissions from popular elections, or at any rate appointed by the domestic authority of the state government, is a very distinct thing from an enlistment into an army, subject to very different discipline, and to hardships and dangers unknown to militia service. Enlistment is a contract; service in the militia is merely obedience to a requisi tian of the laws, to which all are subject without discrimination.
It was argued that, although, by the proviso referred to, infants *72 having parents, guardians, or masters, may not be enlisted without the consent of such parents, &c., yet, where a minor has no parent, &c., it is lawful to enlist him, and his enlistment shall bind him.
But we cannot yield to this argument. The consequence would be, that a child unhappily losing his parents might, before sufficient time had passed to procure the appointment of a guardian, be enticed to enlist, and held. Such a construction is too harsh to be adopted. The true construction must be, that persons under the age of twenty-one years are not to be enlisted or held in service, unless with the consent of their parents, guardians, or masters, first had and obtained; and if they have no parents, guardians, or masters, they are not to be enlisted or held in service at all. If a minor without parents, &c., is a suitable person to enter the army in any particular case, and so disposed, it will be easy, under the provisions of our laws, to procure the appointment of a guardian for him. Perhaps the contract of enlistment by a minor is not ipso facto void; but we hold it voidable at his instance and request. We accordingly order and adjudge that William Bull, the minor brought before us on this writ of habeas corpus, be discharged from the restraint under which he is holden. (a)

 Vide United States vs. Anderson, Cook, 143. — Sed vide United States vs. Bainbridge, 1 Mason, 71. — Commonwealth vs. Murray, 4 Brim. 487. — Ex parte Robert, 2 Hall, L. J. 192. — Ex parte Ferguson, 9 Johns. 239.— Martin vs. Hunter, 1 Wheaton, 304.