ALBANY,
Oct. 1827.

In the matter
of Carlton.

*In the matter of CARLTON.

A habeas corpus under the authority of this state, runs at West Point.

To take away the jurisdiction of the state courts, on habeas corpus, within state territory, ceded to the United States, such jurisdiction must be expressly surrendered by the state.

The enlistment of a minor without consent of his parent or guardian, into the army of the United States, is void; and he may be discharged by state authority.

Any person illegally detained, has a right to be discharged on habeas corpus.

On habeas corpus, directed to Col. S. Thayer, superintendant of the corps of engineers at West Point; issued by, and returned to the recorder of the city of New York.

Carlton enlisted into the service of the United States; and is claimed to be detained by Col. Thayer, as a regularly enlisted soldier. He is, in fact, now within 21 years of age, and has a guardian, who never consented to his enlistment. At the time of his enlistment, however, he represented himself to be over 21; and that he had neither parent nor guardian.

The counsel for the United States moved that the writ be quashed; and that Carlton be remanded, on the ground that the recorder had not jurisdiction; and that process, issuing under the authority of this state, did not run within the limits of the property of the United States at West Point.

The recorder submitted these questions to this court for direction. He referred to the reservation as to the execution of state process, in the act of the 2d of March, 1826, (sess. 49, ch. 64, p. 46,) ceding West Point to the United States; to *Ferguson's case*, (9 John. 239;) *Commonwealth* v. *Cushing*, (11 Mass. Rep. 67;) and *The Same* v. *Harrison*, (id. 63,) and expressed his own opinion that he had jurisdiction.

*Curia, per* SAVAGE, Ch. J.    By the act of congress, the enlistment is void; and the soldier ought to be discharged, if this court have jurisdiction. We have jurisdiction, unless it has been expressly surrendered or taken away. Any person illegally detained, has a right to be discharged, and it is the duty of this court to restore him to his liberty. No act of congress, or of this state, has forbidden the exercise of this common law jurisdiction. It ought, therefore, to be *applied. The authorities referred to by the recorder, especially those of Massachusetts, sustain our view of the

[*472]

case.   We are of opinion that Carlton should be discharged by the recorder, whose power upon this writ is the same with ours.[1]

[1] See New York Dig. vol. 2, tit. *Habeas Corpus.*