## PHELAN'S CASE.

*New York Common Pleas; At Chambers, November,* 1859.

HABEAS CORPUS.—ENLISTMENT OF MINOR.—INSANITY.

When the acts of a party are sought to be avoided on the ground of mental inca-
pacity, the burden of proof rests on him who alleges the incapacity.

The enlistment of a minor above the age of eighteen, pursuant to the act of Con-
gress of 1814, is valid; and the recruit cannot be discharged therefrom on ha-
beas corpus, on the ground of infancy.

Matter of Carleton (7 *Cow.*, 471) overruled.

· Habeas corpus.

The facts are stated in the opinion.

HILTON, J.—This matter comes before me upon habeas
corpus, and I am asked to remove the restraint by which Phe-
lan is held as a soldier in the army of the United States, by
the commandant stationed at Governor's Island, upon two
grounds:

*First.*—That at the time of his enlistment he was not of sound
mind, and, therefore, was incapable of contracting.

*Second.*—That he is a minor, under the age of 21 years, and
was not enlisted with the consent of his parents or guardian.

I. When the acts of a party are sought to be avoided on the
ground of mental disability, the fact must be established by the
party alleging it; because, until the contrary appears, sanity
must be presumed (Jackson *a.* King, 4 *Cow.*, 207), with the
qualification, however, upon the rule, that when a general de-
rangement of the mind of the party has been proven, it then be-
comes necessary for the other side to show sanity at the very
time that the act was performed (Jackson *a.* Van Dusen, 5
*Johns*, 159).

It appears, in the present case, that about two years ago Phelan
received a severe cut on the top of his head by falling against
an iron bar, and ever since he has been subject to occasional fits
of derangement or imbecility of mind, to such an extent as to

render him incapable of comprehension or of contracting while under this influence. But in opposition to the affirmative proof upon this subject, the evidence of the army surgeons, who examined him at the time of his enlistment, also of the recruiting officers and soldiers who were present when he came to the rendezvous, conclusively establishes that he was perfectly sane at that time, and that since, his conduct has exhibited no indications of mental derangement or imbecility of any kind.

II. By an act of Congress of January 20, 1813 (2 *Stats. at Large*, 792, *ch.* 12, § 5), it was enacted that no person under the age of 21 years should be enlisted by any officer, or be held in the service of the United States, without the consent in writing of his parent, guardian, or master, if any he have, first had and obtained. (See *Dunlap's Laws U. S.*, 486.) On December 10, 1814, another act was passed upon this subject (3 *Stats. at Large*, 146, *ch.* 10), authorizing the recruiting officers to enlist any free, effective, able-bodied man between the ages of 18 and 50, and which enlistment it was declared should be absolute and binding upon all persons under the age of 21 years as well as upon persons of full age. But any recruit being a minor over the age of 18 years, was not to be restrained for four days after his enlistment, during which time he might withdraw, if so disposed; and by so much of the act of 1813 as required the consent in writing of the parent, guardian, or master, to authorize the enlistment of persons under the age of 21 years, was then repealed. (See also *Dunlap's Laws of U. S.*, 519.)

The law remained thus until the act of September 28, 1850 (9 *Stats. at Large*, 507, *ch.* 78, § 5), which makes it the duty of the Secretary of War to order the discharge of any soldier of the army of the United States, who, at the time of his enlistment, was under 21 years of age, upon evidence being produced to him that such enlistment was without the consent of his parents or guardians. (See also *Dunlap's Laws U. S.*, 1263.)

There is no doubt, that in this State a contract for service made by an infant alone cannot be enforced against him, and although it is not absolutely void, yet it is voidable at his option. (2 *Kent*, 235; *Parsons on Cont.*, 243; McCoy *a*. Hoffman, 8 *Cow.*, 84; Whitemarsh *a*. Hall, 3 *Denio*, 375.) But as the Constitution of the United States (Art. 1, § 8) confers upon Congress the power to raise and support armies, and to make all laws ne-

cessary and proper in respect thereto, it is quite clear that Congress may declare what shall constitute a valid contract of enlistment, and when such a contract is made in the form and manner prescribed, State courts cannot refuse to give it effect because it is not in accordance with their local laws.

Prior to the act of 1814, there is no doubt, in my mind, that an enlistment like the present would not be binding upon the recruit, because of its being without the written consent of the parent or guardian; and so it was held in Commonwealth *a*. Cushing (11 *Mass.*, 67; Same *a*. Harrison, *Ib.*, 63), decided in March term of that year; but in December following, and it might have been with reference to the very difficulty that those cases presented, the clause requiring such consent was repealed, and, in addition, Congress declared that the enlistment of a minor over the age of 18 years should be equally absolute and binding as if made with a person of full age.

I am aware that the late Supreme Court, in the matter of Carleton (7 *Cow.*, 471), decided in 1827, in a case analogous to this, that an enlistment by a minor without the consent of his parent or guardian, was void " by the act of Congress, and the soldier ought to be discharged." But no act of Congress was there referred to as having this effect, either in the short opinion of the court, or in the points of counsel; and as the decision was made to rest mainly on the cases in Massachusetts to which I have alluded, it is quite obvious that the attention of the court was not called to the act of 1814, when that case was considered or determined. For this reason, that decision ought not to be regarded as an authority upon the question which this case presents.

Phelan must therefore be remanded to the service for which he has enlisted; but he is not without remedy, as, upon presenting to the Secretary of War evidence that his enlistment was without the consent of his parent or guardian, section 5 of the act of 1850 makes it the duty of that officer to order his discharge.

The writ of habeas corpus is dismissed.