McNEMARA (UNITED STATES v.). See Case No. 15,701.

## Case No. 8,917.

### In re McNULTY.

### In re CLEMENT.

### [2 Lowell, 270.] [1]

District Court, D. Massachusetts. Sept., 1873.

ARMY AND NAVY—ENLISTMENT OF MINOR—BY WHOM AVOIDED.

1. By the common law of Massachusetts, a minor has not the legal capacity to make a contract of enlistment in the marine corps.

2. The only statute which authorizes such an enlistment is that of June 12, 1858 (11 Stat. 318), which applies only to boys under eighteen years old, and requires the consent of their parents.

3. A minor over eighteen and under twenty-one years of age cannot be lawfully enlisted in the marine corps, without the consent of his parents.

[Cited in Re Chapman, 37 Fed. 330.]

4. Such a contract may be avoided by the minor himself, as well as by the parent, or the United States.

[Cited in Re Wall, 8 Fed. 86; Re Baker, 23 Fed. 31; Re Chapman, 37 Fed. 331. Disapproved in Re Cosenow, Id. 670.]

These two cases were alike in their facts, and were tried together. Two boys, eighteen years old, left their homes together, and enlisted in the marine corps, without the knowledge or consent of their parents. One of them had only a mother living. It was alleged that the boys were drunk; but the court did not examine that question. They told the enlisting officer that they were of full age, and there was no reason to suppose that he doubted their statement.

[1] [Reported by Hon. John Lowell, LL. D., District Judge, and here reprinted by permission.]

G. W. Searle, for petitioners.

E. P. Nettleton, Asst. Dist. Atty., for respondent.

LOWELL, District Judge. Until the year 1858 there was no statute expressly regulating the age, size, citizenship, or other qualifications for recruits in the marine corps. It was necessary to look to the law of the army, or to that of the navy, and the authorities were not, perhaps, entirely agreed which should be the guide. The importance of the decision, as far as minors were concerned, was this, that it was considered by many responsible authorities that boys might be enlisted in the navy, though they could not in the army, without the consent of their parents or guardians. Com. v. Gamble. 11 Serg. & R. 93; U. S. v. Bainbridge [Case No. 14,497]; U. S. v. Stewart [Id. 16,400]. It is not, however, unimportant to observe that U. S. v. Bainbridge, so often cited as a decision of this point, does not decide it; because the district judge agreed to the judgment on a wholly different ground, and upon this question expressed his dissent from the reasoning and conclusions of the presiding justice. Judge Davis' dissent had equal legal force with Mr. Justice Story's affirmation, though, being a mere statement of an opinion, without reasons, it may not be of equal persuasive power on the minds of others. So the case in Crabbe is not a decision, but notes collected by the judge in preparation for a decision which became unnecessary. On the other side is the able and elaborate opinion of Shaw, C. J., giving the judgment of the supreme court of Massachusetts, that a minor could not be lawfully enlisted in the navy without the consent of his guardian. Com. v. Downes, 24 Pick. 227.

A few months after this last decision was made, congress took up the matter, and passed the act of March 2, 1837 (5 Stat. 153), authorizing the enlistment of boys for the navy, between the ages of thirteen and eighteen, to serve until their majority, with the consent of their parents. This statute appears to dispose of the question. It was argued, indeed, in the cases now before me, that any one over eighteen years of age could be enlisted in the navy without consent, and that the marine corps follows the rules of the navy. But congress undoubtedly were informed that the main argument of those courts and judges who held the contract to be valid without consent was founded, almost entirely, upon the fact that the statutes provided for the enlistment of boys, and were silent as to consent. When, therefore, the legislature defined the persons who should be considered boys, and required the consent of parents to their enlistment, it destroyed this argument, and left other minors to be considered as men; and thenceforward those who would maintain their power to contract for naval service, without consent, must show that they have it by the common

law of the state where the contract is made. Whatever decisions there may be elsewhere, the supreme court of Massachusetts have always maintained that such a contract is not one that a minor is capable of making. Kimball's Case, 9 Law Rep. 500; Com. v. Cushing, 11 Mass. 67; Com. v. Downes, 24 Pick. 227.

In this court, since the statute of 1837, the decisions have been similar. No opinion has been published; but Judge Sprague has discharged minors from the naval service who were eighteen years old, and had enlisted without consent. Chapman's Case, 45 Dist. Ct. Rec. p. 174.[2] The statute of May 15, 1872, requires the written consent of parents for the enlistment of minors in the military service. The act of June 12, 1858 (11 Stat. 318), authorizes the enlistment of boys between eleven and seventeen years old in the marine corps, with consent, to serve until they shall be twenty-one years old.

Considering all these statutes, I think it may be taken as the will of congress, that minors shall not be enlisted in any branch of the service without the consent of their parents. Such has always been the rule in the army, excepting for a short time during war. In the navy, a difference of opinion in the courts was settled by congress in favor of the necessity for consent. In the marine corps, the only statute which touches this subject requires consent. In my opinion, therefore, this contract is one not authorized by the common law, nor by any act of congress. And I have no doubt the rule is the same throughout the United States. It certainly is so in this commonwealth. The colonel commanding who holds these recruits, submitting the case to the judgment of the court upon the law, very frankly admitted that he could not, consistently with his orders, knowingly enlist minors without consent; which shows that the executive department agrees with the courts in the construction I have put upon the law, or else that the government does not need or desire men between eighteen and twenty-one years old; and in either case these enlistments are voidable by the minors themselves, or by their parents, as well as by the government, who have been misled by a false statement. One of these boys has no father, and it has been held that a mother has no claim to her son's services. Com. v. Murray, 4 Bin. 487. But the same court held that the mother is a parent, within the enlistment acts. Com. v. Callan, 6 Bin. 255. And this is the plain meaning of the acts. But that matter is unimportant, as the minor himself desires to set aside this contract. Petition granted.