*In re* BAKER.

*(Circuit Court, D. Rhode Island.* February 13, 1885.)

1. ENLISTMENT OF MINOR IN ARMY—DISCHARGE ON HABEAS CORPUS.
      A minor who has been enlisted in the army without the written consent of
      his parents or guardians entitled to his custody and control, will be released
      on *habeas corpus* issued on petition of such parents or guardians.
2. SAME—JURISDICTION OF COURT-MARTIAL—DESERTION.
      In such case, a court-martial cannot retain jurisdiction of the enlisted man
      under charges of desertion.

*Habeas Corpus.*

*Darius Baker*, for relator.

*Cyrus M. Van Slyck*, for respondent.

CARPENTER, J.   This is a writ of *habeas corpus* issued on the petition of Augustus E. Baker and Augustus T. Baker, and directed to Clement L. Best, colonel of the Fourth Artillery, commanding him to produce the body of the said Augustus E. Baker.   The return, and the proofs, which are not disputed, show that Baker enlisted in the army on the eighteenth day of December, 1884; that he afterwards deserted the service, and was apprehended and returned to Fort Adams; and that charges of desertion have been filed against him pursuant to the forty-seventh article of war, (Rev. St. § 1342,) and that he is now held for trial on said charges.   The proofs further show that he was, at the time of his enlistment, and still is, under the age of 21 years; that the relator, Augustus T. Baker, is his father, and is entitled to his custody and control, and has never consented to the enlistment.   The forty-seventh article of war is as follows:

"Any officer or soldier, who having received pay, or having been duly enlisted in the service of the United States, deserts the same, shall, in time of war, suffer death or such other punishment as a court-martial may direct; and in time of peace, any punishment, excepting death, which a court-martial may direct."

The language of Rev. St. § 1117, is as follows:

"No person under the age of twenty-one years shall be enlisted or mustered into the military service of the United States without the written consent of his parents or guardians: provided, that such minor has such parents or guardians, entitled to his custody and control."

The relators contend that the enlistment, being made contrary to law, is absolutely void; that, consequently, Baker has not, at any time, been "duly enlisted in the service of the United States," and has not been capable to commit the crime of desertion; and that a court-martial has no jurisdiction over him on such charges; and that, finally, the respondent has no right to restrain him, either to service under his enlistment, or for punishment for the offense with which he is charged.   On the other hand, it is contended on behalf of the military authorities that the enlistment is voidable only, and not void, and that the recruit remained subject to military authority, and hence

liable to punishment for violation of the articles of war, until such time as the contract of enlistment should be avoided, and, consequently, that he may be lawfully restrained by the respondent, at least until the judgment of the court-martial shall be pronounced on the pending charges.

In cases where there was no statutory prohibition against the enlistment, and where the contract was sought to be avoided on the sole ground that it was made by a person under age, it is well settled that the recruit is to be taken to be an enlisted man, and subject to punishment for violation of his duty as such, until the contract shall be avoided by proper proceedings. This rule is plainly laid down by Judge Lowell, *In re Wall*, 8 Fed. Rep. 85, and is abundantly supported by the cases there cited. It is to be noted, however, that in *Wall's Case*, as well as in all the cases there cited, with two exceptions, to which reference will be hereafter made, it appeared that there was no statute prohibiting the enlistments. Those cases are not, therefore, of authority here. In *Com.* v. *Fox*, 7 Pa. St. 336, the prisoner had enlisted in the army, and had deserted and surrendered himself, and it appeared that he was the minor son of the relator, who had never consented to the enlistment. He was discharged from custody. It seems also to be a clear inference from the language of Judge Wallace, *In re Davison*, 21 Fed. Rep. 618, that a similar order would have been made in that case if the parent of the soldier entitled to his custody and control had made application for his discharge. In *U. S.* v. *Hanchett*, 18 Fed. Rep. 26, the soldier, in a case similar to this, was discharged on his own application. On the other hand, it is to be noted that in *McNulty's Case*, 2 Low. 270, the prisoner, who had enlisted in the marine corps contrary to the prohibition of the statute, was discharged on the ground, as stated in the opinion, that the enlistments were "voidable by the minors themselves, or by their parents, as well as by the government;" and this case was referred to in *Wall's Case*, cited above, as authority for the decision there made. It seems, therefore, to be declared in both cases that an enlistment such as that now in question is not to be held absolutely void. If such a conclusion had appeared to be deliberately expressed by the learned judge who delivered the opinion in both those cases, it would undoubtedly be entitled to much consideration, although not necessary to the decision of the cases then in hand. But it appears to me that the opinions do not contain clear evidence of such deliberate conclusion. In the first place, the opinion in *McNulty's Case* contains no discussion, and no express statement, as to whether the enlistment is voidable in distinction from being void; and it seems to me, from the reading of the whole opinion, that when the argument of the case had progressed so far in the mind of the judge as to reach the conclusion that the enlistment was voidable, from which it necessarily followed that the prisoner must be discharged, the consideration of the further question, whether it was not also absolutely void, may have been postponed.

In the second place, it is a significant observation that in *Wall's Case* the authority of *Com.* v. *Fox* is denied, on the express ground that in that case the judges found that the statute made the enlistment absolutely illegal. It does not indeed appear that the authority of that case would have been followed if it could not have been distinguished; but it seems extremely probable that the case would have been distinctly overruled if the judge, on consideration of *McNulty's Case*, had deliberately determined to announce the doctrine here contended for on behalf of the military authorities.

It seems to me that the effect of the statute is to make the enlistment absolutely void, and that it must be so held on the application of any person who is not estopped from setting up the prohibition. In this case, the application being made both by Baker and by his father, I do not find it necessary to decide whether he could be discharged on his own application alone. My conclusion is that the enlistment is void as to the father, and must be so held on his application. It follows that Baker was not "duly enlisted," that he could not commit the crime of desertion, and that the court-martial cannot retain jurisdiction under the pending charges. He will therefore be discharged.