*In re* CHAPMAN.

(*Circuit Court, N. D. Georgia.* January 23, 1889.)

ARMY AND NAVY—ENLISTMENT—MINORS.

Under Rev. St. U S. § 1117, providing that "no person under the age of 21 years shall be enlisted or mustered into the military service of the United States without the written consent of his parents or guardians, provided that such minor has such parents or guardians entitled to his custody and control," the enlistment of a minor without the written consent of his parent or guardian, is invalid and of no legal effect, and the invalidity may be claimed by the minor himself, before or after attaining majority.

Application for *Habeas Corpus.* On appeal from district court.

Application by J. C. Chapman for a writ of *habeas corpus.* On the hearing in the district court, Judge NEWMAN delivered the following opinion:

"It appears in this case that the petitioner, J. C. Chapman, enlisted in the United States army at Atlanta, Ga., when twenty years and eight months old. He is now nearly twenty-three years of age. Some five or six weeks

after his enlistment he deserted from the army, and has since been at large. He had been arrested as a deserter, and was about to be conveyed to Fort Barancas, Fla., from which place he deserted. To prevent his removal, this writ was taken out. His father did not consent to his enlistment; on the contrary, when written to about it by some officer, he objected, though he took no steps at that time to prevent the enlistment. The father subsequently arranged to make some application at the war department for his son's discharge, but, while engaged in correspondence with a member of congress on the subject, his son came home. The question presented is whether or not this soldier can be discharged on his own application, because of his enlistment before he was twenty-one years of age. Sections 1116, 1117, and 1118 of the Revised Statutes are as follows: 'Sec. 1116. Recruits enlisting in the army must be effective and able-bodied men, and between the ages of 16 and 35 years, at the time of their enlistment. This limitation as to age shall not apply to soldiers re-enlisting. Sec. 1117. No person under the age of 21 years shall be enlisted or mustered in the military service of the United States without the written consent of his parents or guardians: provided, that such minor has such parents or guardians entitled to his custody and control. Sec. 1118. No minor under the age of sixteen years, no insane or intoxicated person, no deserter from the military service of the United States, and no person who has been convicted of any criminal offense (a felony) shall be enlisted or mustered into the military service.' From these sections it will be seen—— *First*, that effective and able-bodied men between the ages of sixteen and thirty-five may enlist in the army of the United States, except that no felon, insane or intoxicated person can be enlisted; *second*, the enlistment of a minor under sixteen years of age would be absolutely void; *third*, persons between the ages of sixteen and twenty-one may be lawfully enlisted, except that, if he has parents or guardians entitled to his control, their written consent is necessary. This case comes under the last head, and the contention by the counsel for the petitioner here is that the absence of such written consent on the part of the father renders the enlistment absolutely void, and that it will be so held at any time. I do not think so. I think the enlistment of men from sixteen to twenty-one is valid, where it was free and voluntary, as in this case, as to the enlisted person. The parents or guardians would have the right, of course, during the minority of the enlisted person, to make the question of the validity of the enlistment. This right on their part would cease when the enlisted person became twenty-one years of age. I am inclined to think that the soldier could not make the question at any time, and I am clear that he cannot make it after he has attained the age of twenty-one years. The contract of enlistment between the ages named is not void, but voidable, and that only at the election of the parents or guardians. This question was before Judge WALLACE, of the circuit court of the United States for the Southern district of New York, in the case *In re Davidson*, 21 Fed. Rep. 618. His conclusion is: 'The reasonable conclusion warranted by these sections [the sections quoted above] would seem to be that the contract of enlistment of a minor under sixteen years of age is void; but that, if he is over that age, it is valid, in the absence of fraud or duress as to him; but during his minority is invalid at the election of his parents or guardians.' His further reasoning and conclusions on the subject are, in my opinion, correct, and controlling here. Something was said in evidence by the petitioner as to statements having been made to him about a school in the army, and that he did not see any school. This was not urged in argument, but I allude to it simply to say that even upon this *ex parte* evidence it was insufficient to make a case of fraud to justify the discharge of the petitioner. My conclusion is that he must be remanded to the custody of the officer who holds him on behalf of the military authorities."

Relator appeals.

*Thomas W. Birney,* for appellant.

*Asst. U. S. Dist. Atty. Phillips.*

PARDEE, J. The petitioner, J. C. Chapman, enlisted in the United States army at Atlanta, Ga., in 1886, when he was a minor of the age of 20 years and 8 months. At the time he had a father living, entitled to his custody and control, who did not consent to the enlistment. It does not appear whether Chapman represented himself at the time of enlistment as a major, or as a minor without parents or guardian, but the inference is that he did one or the other, as he says he signed all the papers presented to him; and it is difficult to believe, in the absence of evidence to that effect, that the recruiting officer would enlist an admitted minor without inquiry as to his parents or guardian. Soon after enlistment—about two months—Chapman deserted. The desertion continued until December last, when he was arrested in Atlanta. He is now about 23 years of age, and himself sues out the writ of *habeas corpus* on the ground that his enlistment was illegal and void, because without the consent of his father, and that therefore he cannot be held in custody as a deserter. The statutes of the United States governing the question of Chapman's enlistment are found in section 1117 of the Revised Statutes, to-wit:

"No person under the age of 21 years shall be enlisted or mustered into the military service of the United States without the written consent of his parents or guardians, provided that such minor has such parents or guardians entitled to his custody and control."

—And in the third article of war, found in section 1342, Rev. St.:

"Every officer who knowingly enlists or musters into the military service any minor over the age of 16 years, without the written consent of his parents or guardians, or any minor under the age of 16 years, or any insane or intoxicated persons, or any deserter from the military or naval service of the United States, or any person who has been convicted of any infamous criminal offense, shall, upon conviction, be dismissed from the service, or suffer such other punishment as a court-martial may direct."

By these statutes it appears that the enlistment of a minor into the army of the United States, without the written consent of parents or guardians, if he have any entitled to his control, is not only prohibited, but, when knowingly done by an officer, is an offense punishable with a heavy penalty. In the many adjudicated cases where the effect of a minor's enlistment into the army or navy without the consent of the parents or guardians has been considered, there is unanimity in holding that where the statute requires such consent the enlistment without is illegal and invalid; but there has been some diversity of opinion as to whether the minor himself, so enlisted, could claim his release, either before or after coming of age; some going to the extent that the enlistment, although illegal, was not absolutely void, but could be validated by ratification, either by the minor continuing in the service, receiving pay and rations, after he became of age, or by the consent of the parents or

guardian, given after the enlistment.   See *State* v. *Dimick*, 12 N. H. 194; *Com.* v. *Cushing*, 11 Mass. 67; *Com.* v. *Harrison*, Id. 63; *Com.* v. *Fox*, 7 Pa. St. 336; *Com.* v. *Downes*, 24 Pick. 227; *In re McNulty*, 2 Low. 270; *Shorner's Case*, 1 Car. Law Repos. 55; *In re Davidson*, 21 Fed. Rep. 618; 4 Op. Atty. Gen. 350; 5 Op. Atty. Gen. 313; *Com.* v. *Camac*, *(Menges' Case*,) 1 Serg. & R. 87; *Seavey* v. *Seymour*, 3 Cliff. 439.   In the case in hand there is no question of ratification, for the minor deserted before majority, and the father did not consent, but actively opposed enlistment; and the question rather is whether Chapman himself can now take advantage of the illegality.   The district judge, in deciding the case, followed the reasoning of the circuit court in the *Case of Davidson, supra,* in which Judge WALLACE, circuit judge, takes the position that in contracts of enlistment the minor over 16 years is competent to contract, and that the provision in section 1117, requiring the written consent of parents or guardians, was not for the benefit of the minor, but rather for the benefit of the parents or guardian entitled to the custody and control of the minor, and the learned judge proceeds to say:

"The provision should not be extended to protect a party competent to contract against the consequences of his deliberate agreement, or of his own misrepresentations, unless the language plainly requires such a construction. The language is satisfied by a construction which permits the parents or guardians, who are entitled to the services and custody of the minor, to intervene and assert their rights, if their consent to his enlistment has not been obtained.   Several adjudications are to the effect that under section 1117, or former laws of congress of similar purport, the contract of enlistment should be held invalid on the application of the parents or guardian of the minor. *Com.* v. *Blake*, 8 Phila. 523; *Turner* v. *Wright*, 5 Phila. 296; *Henderson* v. *Wright*, Id. 299; *Seavey* v. *Seymour*, 3 Cliff. 439.   None, however, are cited by counsel, or have met the attention of the court, in which it has been decided that the minor, if over 16 years of age, can assert the invalidity of his contract.   The case of *Menges* v. *Camac*, 1 Serg. & R. 87, arising under the act of March 16, 1802, is directly in point.   The statute in that case was similar in its provisions to section 1117, and the court held the minor bound by his contract; that the parent alone could assert its invalidity, and therefore refused to discharge the minor upon *habeas corpus* at his own application."

In 4 Op. Atty. Gen., *supra,* Mr. Nelson, in responding to a communication of the secretary of the navy, says:

"An infant is not bound by the contract of enlistment after he attains his full age.   He may repudiate it.   The contract with regard to him is voidable, and may or may not be carried into full execution, at his election.   When made, he had no will in legal contemplation.   It was made, moreover, with the consent of his guardian, who had a right to enter into it for his benefit; but such authority ceased with the expiration of his minority, and he was then fully competent to affirm or disaffirm the contract made on his behalf."

In 5 Op. Atty. Gen., *supra,* Mr. Crittenden, in response to inquiries from the secretary of war with regard to the secretary's duty in discharging minors enlisted without the consent of the parent or guardian, says:

"That the enlistment of the soldier was without the consent of his parent or guardian is the cause stated in the statute for the discharge of the minor. The parent or guardian must make application, and furnish the proof as to

the age of the soldier, at the time of the enlistment. If the person, who was a minor at the time of enlistment, has since attained to his full age of 21 years, then he is capable to choose and act for himself. To apply for his discharge upon evidence that his enlistment was during his minority, and upon the allegation that such enlistment was without the consent of his parent or guardian, he proving the affirmative of infancy at the time of enlistment, and that his father was then living, or that he then had a guardian, would thereby put the burden of proof that the parent or guardian had consented to such enlistment upon the government."

In *Re McNulty, supra,* Judge LOWELL held that the minor himself during minority might claim the invalidity of the contract. The *Case of Menges, supra,* relied upon by Judge WALLACE as a case in point, turned upon the question whether the parent's ratification, five or six days after, validated the enlistment. In giving his opinion, Chief Justice TILGH-MAN, in speaking of the required consent, says: "Before such consent given, the minor or the parent may demand his discharge, and the law forbids the holding of him." I have examined all the cases cited, and considered the reasoning of those judges holding that the enlistment binds the minor before and after attaining majority, and am unable to agree thereto. It is a well-settled doctrine of every system of jurisprudence that whatever is done in contravention of prohibitory law is null and void. I think that, in accordance with this principle, the enlistment of a minor without the written consent of his parent or guardian, if he has one entitled to his services and control, is invalid, and of no legal effect, and, on principle and authority, that the invalidity may be claimed by the minor himself before or after attaining majority, or by any person entitled to his control or services. A judgment will be entered in this case, reversing the judgment of the district court, and adjudging the writ of *habeas corpus* absolute, and directing the petitioner's discharge from custody, and the cancellation of the bonds given for his appearance pending the appeal. Costs to follow judgment.