## In re FALCONER.

(District Court, S. D. New York. December 5, 1898.)

HABEAS CORPUS—ENLISTMENT IN NAVY—MINOR'S DISCHARGE.
  Under section 1419 of the Revised Statutes, enlistments in the navy of minors under 18 years of age are prohibited, without the consent of the parent or guardian. The applicant on applying to the enlisting officer stated that he was under 18, but that his parents were dead; the latter statement was untrue, and his father sought his son's discharge on habeas corpus. Held, that the enlistment was illegal, and the minor was discharged.

Habeas Corpus. Enlistment in the navy.

Quigley & Farrar, for petitioner.

Mr. King and Mr. Houghton, Asst. U. S. Attys.

BROWN, District Judge. This matter is presented upon the petition of William H. Falconer, the father of James H. Falconer, for the release of the latter from his enlistment in the navy. The petition shows that the son enlisted on March 27, 1897, then being a minor under the age of 18 years, without the consent of his parents. On learning of his son's enlistment the father made several applications from time to time for the discharge of his son, but took no legal proceedings until suing out this writ on November 30, 1898. The son has for several months past been upwards of 18 years. His application on enlistment showed that he was under the age of 18 years. He then stated that he was an orphan; but no reference was made to a guardian, and no inquiry seems to have been made on that point.

The above facts being admitted, I think the discharge must be granted, on the ground that the original enlistment was void, as being pro-

hibited by section 1419 of the Revised Statutes; and that the father's failure to take out this writ until after the son was 18 years of age does not validate the enlistment, nor is the continued service of the son after 18, tantamount to a re-enlistment.

Section 1419 is very express in its provisions that "minors between the age of sixteen and eighteen years shall not be enlisted for the naval service without the consent of their parents or guardians." As the enlisting officer was informed at the time of the recruit's application, that the latter was under 18 years of age, the enlistment was a prohibited act, except with a consent, oral or written, from the parent or guardian. The enlistment was therefore illegal and void. In the case of In re Davison, 21 Fed. 622, Wallace, J., says, "If his contract of enlistment was void, the government acquired no right to his services; he never became a soldier and could not be a deserter." In the case of In re McNulty, 2 Low. 270, Fed. Cas. No. 8,917, it was held that an enlistment without the necessary consent might be avoided by the minor himself as well as by the parent. And in the case of In re Chapman, 37 Fed. 327, on appeal from the district court, it was held by Pardee, J., that the discharge from an invalid enlistment might be obtained by the recruit himself, even after he was 21 years of age. It is there said:

"It is a well-settled doctrine of every system of jurisprudence that whatever is done in contravention of prohibitory law is null and void. I think that, in accordance with this principle, the enlistment of a minor without the written consent of his parent or guardian, if he has one entitled to his services and control, is invalid, and of no legal effect; and, on principle and authority, that the invalidity may be claimed by the minor himself before or after attaining majority, or by any person entitled to his control or services."

These authorities cover all the points presented in the present case and require the discharge to be granted.