### *In re* WALL, a Minor, etc.

(*Circuit Court, D. Massachusetts.* July 2, 1881.)

**1. MINOR—CONTRACT OF ENLISTMENT—AVOIDANCE.**

A minor's contract of enlistment is voidable only, and not void. If, after enlistment, he commits a military offence, is actually arrested and in course of trial before the contract is duly avoided, he may be tried and punished

**2. SAME.**

Where a minor enlists in the marine corps of the United States, deserts his post and goes home, is arrested and in course of trial before the contract of enlistment is avoided by him, *held*, that the trial must be proceeded with.

Appeal.

*Brown & Alger*, for petitioner.

*Geo. P. Sanger, Jr.*, Asst. Dist. Att'y, for the United States.

LOWELL, C. J. John B. Wall was enlisted in the marine corps of the United States, January 28, 1879, taking the usual oath that he was upwards of 21 years old. He served with acceptance, and was commended and promoted. In March, 1881, being then stationed at the navy-yard, in Charlestown, he deserted his post at night and went home to his friends. He was arrested in May, 1881, as a deserter, and his case being reported to the secretary of the navy at Washington, an order was sent by him to call together again a general court-martial which had lately been sitting, and to try Wall for desertion. This order was received May 11, 1881, at about 9 o'clock in the forenoon. At noon of the same day a writ of *habeas corpus* was served on Colonel Hebb, the officer commanding the marines at Charlestown.

Upon the hearing before Judge Nelson, in the district court, these facts appeared; and also that Wall was under 18 years of age when he

was enlisted, and was under 21 years when the trial took place. The district judge decided that the enlistment of a minor who was old enough to understand the contract, and who was in good faith accepted as being of full age, was voidable only, and not void; and that if he had committed the military offence of desertion, and was under arrest for that crime, and the court-martial had been ordered to try him, he ought not to be discharged on *habeas corpus.* This view of the rights of the parties is sustained by the authorities cited. See *Com.* v. *Gamble,* 11 S. & R. 93; *Ex parte Anderson,* 16 Iowa, 595; *McConologue's Case,* 107 Mass. 154, 170, per *Gray,* J.; *Re Dee,* 25 Law Rep. 538; *Re Beswick,* 25 How. Pr. 149. It is true that *Com.* v. *Gamble,* 11 S. & R. 93, is doubted in a later case in the same court, (*Com.* v. *Fox,* 7 Pa. St. 336,) but in this case the judges found that the statute made such an enlistment absolutely illegal, and for that reason held it to be void. I have not found a corresponding statute applicable to this case. It is illegal to enlist a marine between 18 and 21 years old, without the consent of his parent or guardian, if any he have, and if an officer does this knowingly, he is liable to punishment; but this minor had neither parent nor guardian. His contract was voidable at common law; but I do not see how I can hold it to be void. *McNulty's Case,* 2 Low. 270. If not, it seems to follow that if he commits a military offence, and is actually arrested and in course of trial before the contract is duly avoided, he may be tried and punished. I do not mean to be understood as deciding that it would be desertion in a minor to leave the service openly after demanding his release, nor that he could be tried and punished after a court had released him.

It appeared upon the cross-examination of a witness that Wall was actually tried and sentenced while in the constructive custody of the district court, the officer who had him in charge not thinking it worth while to inform the court that the proceedings in the district court were pending. This conduct was highly reprehensible. Whether the sentence is a valid one, under these circumstances, is a question not brought here by the appeal, which is merely for a review of the decision by the district court. If Wall or his friends should be so advised, they may probably be able to try this question upon new and independent proceedings. Appeal dismissed.