UNITED STATES *ex rel.* DEMING *v.* HANCHETT, Sheriff.

*(Circuit Court, N. D. Illinois.    October 1, 1883.)*

1. MILITARY SERVICE—ENLISTMENT OF MINORS.
    Section 1117, Rev. St., being the first section of the act of May 15, 1872, provides that "no person under the age of 21 years shall be enlisted or mustered into the military service of the United States without the written consent of his parents or guardians, provided that such minor has parents or guardians entitled to his custody or control."
2. SAME—DESERTION BY MINOR— DISCHARGE OF PERSONS ILLEGALLY ENLISTED.
    Although it is made the duty of the secretary of war to discharge any person illegally enlisted as a soldier, that delegation of power to the secretary of war does not deprive the courts of their power, prescribed by the constitution, to discharge under writ of *habeas corpus.*

*Habeas Corpus.*
*William H. Shirland,* for petitioner.
No appearance by Hanchett.
BLODGETT, J.    The relator in this case, by his petition to this court, alleges that he is a minor, under the age of 21 years, and has parents living who are entitled to his custody and control ; that on the fourth day of August, 1883, at a recruiting station of the United States army in the city of Chicago, he assumed to enlist as a soldier in the United States army, and was mustered by the officer in charge of such recruiting station into the military service of the United States ; that such enlistment and muster were wholly without the consent of relator's parents, who are entitled to his services ; that within three days after such enlistment, and before he had been assigned to any military duty, he left the rendezvous for recruits in this city, where he had been temporarily quartered, and did not voluntarily return

thereto; and on the twenty-second of September last he was arrested by a sergeant connected with said recruiting station, and has, since that time, been confined in the Cook county jail, in the custody of the sheriff of the said county, as jailer. On the filing of this petition a writ of *habeas corpus* was issued against the jailer, and the officer by whom the relator was mustered, and who claims the right to retain him in custody by virtue of such enlistment and muster. The return made by the respondents substantially admits the allegations in the petition, but states that, by the act of desertion after his enlistment and muster, the relator has violated the articles of war and is liable to be tried by a court-martial. Section 1117, Rev. St., (which was the first section of the act of May 15, 1872,) reads as follows: "No person under the age of 21 years shall be enlisted or mustered into the military service of the United States without the written consent of his parents or guardians, provided that such minor has parents or guardians entitled to his custody or control."

It being conceded by the return—and if it were not so conceded, the evidence upon the point amply establishes the fact—that the relator was at the time of his enlistment and muster under the age of 21 years, and that he had parents entitled to his custody and control, I have no doubt that his enlistment and muster as a soldier were illegal. The second section of the act of February 13, 1862, contained a clause which made the statement of the age of the recruit, in his oath of enlistment, conclusive as to his age; but this provision has not been carried into the Revised Statutes, and I conclude that the commissioners who revised the statutes considered it impliedly repealed by the act of May 15, 1872; but this question may not be material to the disposition of this case, as the statement of the relator in his petition as to his actual age is not denied or put in issue by the return. The only question, as it seems to me, presented in this case, is whether the alleged desertion of the relator, after his muster, and before he had been assigned to actual duty in the army, requires the court to leave him in the custody of the army authorities to be tried, if they choose to try him, as a deserter. I do not think that the mere fact that this relator, so soon after his muster into the service, and before he had been assigned to any military duty, left the recruiting station and did not return thereto, can be considered as a criminal desertion. If he had deserted after being assigned to duty, and in the face of an enemy, or under any circumstances which endangered his command, a different question might be presented; but the desertion here alleged should, I think, be construed as a mere disaffirmance of his contract of enlistment, made so soon after the enlistment as to relieve it from any element of turpitude.

We must presume that, after reflecting upon his act of enlistment, the relator either knew or was advised that he could not be detained in the military service, and that his parents had a better claim to his services than the United States government, and, without any in-

tent to commit an offense, he, as many ill-advised persons would under the circumstances, left the military rendezvous, upon the assumption that his enlistment was void, and that he could not be detained in the service.

It is not claimed in this case that charges have been preferred against this man for any military offense, or that a court has been organized to try him. The most that can be said is that if the proper officers see fit to prefer charges against him for desertion, he may be tried; but this, I am of opinion, does not divest this court of jurisdiction to discharge him on *habeas corpus* if he was not legally enlisted. This question was very fully discussed by Mr. Justice CLIFFORD in the case of *Seavey v. Seymour,* 3 Cliff. 439, and it was there held that, although it is made the duty of the secretary of war to discharge any person illegally enlisted as a soldier, that delegation of power to the secretary of war did not deprive the courts of the power to discharge under writ of *habeas corpus,* this writ being the remedy prescribed by the constitution for any illegal restraint of personal liberty.

I am, therefore, of opinion that the relator is illegally held in custody by these respondents, and should be discharged.