UNITED STATES *ex rel.* WAGNER *v.* GIBBON.[1]

(*District Court, D. Nebraska.* April 8, 1885.)

ENLISTMENT OF MINOR—CONSENT OF GUARDIAN—FALSE AFFIDAVIT AS TO AGE.

A minor over 16 years of age, who, at the time of his enlistment, makes affidavit that he is 21 years of age, will not, on his own application, be released on *habeas corpus,* on the ground that he was a minor at the time of his enlistment, and that the written consent of his guardian was not obtained.

*Habeas Corpus.*

DUNDY, J.   George M. Wagner, the relator, enlisted in the regular army, at Fort Omaha, on the twenty-third day of September, 1882, to serve for five years.   At that time and place, he went before Lieut. Butler D. Price, a duly-authorized recruiting officer, and made his application, in due form, to join the army.   He made affidavit before the recruiting officer that he was *21 years of age,* and that there was no legal impediment existing to his enlistment.   After serving 19 months, he has evidently tired of the service, and now seeks to be discharged, *solely* on the ground of minority at the time of enlistment. Gen. Gibbon, who is temporarily in command of the department of the Platte, made return to the writ, and hearing was had on the merits of the application.

The proof produced seemed to establish the fact that the relator was born in Lincoln county, Illinois, on the fourth day of July, 1864. At the time he enlisted his parents were dead.   Prior to his enlistment he had a guardian, duly appointed by an Illinois court, and that guardian never did at any time, so far as known, give his written consent to the enlistment of his ward.   There is nothing in the laws of the United States that makes it unlawful for a minor over 18 years of age to enlist in the army.   He is certainly competent to make such a contract under some, though possibly not under all, circumstances. If the natural guardians—that is, the parents—be living, they are entitled to the services and the custody of the minor until he attains his majority.   If the natural guardians are dead, and a *lawful* guardian exists, he is also entitled to the custody of his ward until he attains his majority.   Hence it is that the law requires the written consent of parent or guardian to the enlistment of a minor, in order to make it valid.   But this limitation on the right of minors to enlist, applies only to those who have a parent living, or who have a lawful guardian at the time of the enlistment.   A minor 18 years old can, undoubtedly, make a valid contract of enlistment, binding on all concerned, if he has neither parent nor guardian at the time of making such contract.

When congress revised the laws, it recognized the right of the parents to the custody, service, and control of their minor children, and the right of guardians to the custody and control of their wards; and if either see proper to exercise such control they cannot be deprived

[1] Reported by Robertson Howard, Esq., of the St. Paul bar.

of the right to do so in such cases without they give their written consent for the enlistment of minor or ward. It is possible that this right may be asserted and maintained at any time during the existence of the minority or guardianship, if the party entitled to the *custody* of the minor or ward makes proper application therefor. But it seems to me that this law was made for the exclusive benefit of parents and guardians, so as to the better enable them to perform the parental or guardians' duty. This they might not be able to do if the minor or ward owed obedience to another authority. The same reason does not apply to the minor or ward; and, so far as he is concerned, especially in this and similar cases, I can see no good reason for holding that a contract of enlistment, made under such circumstances, must be declared absolutely void as against the party enlisting, though it may be so as against the parents or guardian, if no written consent be given for the enlistment. The guardian does not here seek the custody and control of his ward. It is the ward who comes into court and asks to have declared absolutely null and void his own deliberate act and deed, after he had stood by the same for more than 18 months. This, I think, cannot be done; more especially when the enlistment was one of the very fairest, and when the recruit swore positively that he was 21 years old at the time of enlistment. He was perfectly well advised of what he was doing when he made the oath, as he himself admitted on this hearing. He must not be permitted to take advantage of his own wrong under such circumstances, nor to stultify himself in such an unusual manner.

The prayer of the petitioner is therefore denied, and he is remanded to the custody of the respondent.