## *In re* HEARN.

*(District Court, N. D. Ohio, E. D.* February Term, 1887.)

MINORS—ENLISTMENT IN UNITED STATES ARMY—CONSENT OF PARENTS.

Rev. St. U. S. §§ 1116, 1117, authorizes the enlistment in the army of the United States of men above the age of 16 years, and provides that no person under the age of 21 years shall be mustered into military service without the written consent of his parents or guardians. *Held,* that a contract of enlistment entered into by a minor, over 16 years of age, without the consent or knowledge of his parents, could not be avoided by the minor himself, but could only be avoided by the parents, who might claim the right to his custody before majority.

*Habeas Corpus.*
*Jay L. Athey,* for complainant.
*Gen. Ed. S. Meyer,* for respondent.

WELKER, J. The said M. Seward Hearn was born on the twenty-fourth day of September, 1862, and became 21 years old on the twenty-fourth day of September, 1883. On the first day of August, 1882, he enlisted in the service of the United States as a private soldier, then being over 19 years of age. He remained in the service until the summer of 1883, when he left the service without discharge, then lacking a few months of being 21 years of age. He is now in custody of the military officers for desertion from the army. At the time he enlisted he had a father and mother living, who were entitled to his services during minority, and who did not consent to his enlistment, either in writing or otherwise, and had no knowledge of said enlistment until after he had left the recruiting station for service. No efforts were made by the parents to procure his release on the ground of minority during such minority, his father stating at the hearing he thought it best for him, after he learned of the enlistment, to allow him to remain in the army. The relator is now over 24 years of age, and makes this application for discharge for himself.

Section 1116 of the Revised Statutes of the United States provides that "recruits enlisting in the army must be effective and able-bodied men, and between the ages of sixteen and thirty-five years at the time of enlisting." Section 1117 provides that "no person under the age of twenty-one years shall be enlisted or mustered into the military service of the United States without the written consent of his parents or guardians: provided, that such minor has such parents or guardians entitled to his custody and control." Section 1118 provides that "no minor under the age of sixteen years   *   *   *   shall be enlisted or mustered into the military service."

The relator claims that under the provisions of the statute his enlistment, without the consent of his parents, was voidable by him, and having left the service before he arrived at the age of 21, he thereby elected to avoid the enlistment, and cannot now be held to service. This claim

raises the question as to the construction of these provisions of the statutes. Usually, a contract made by a minor may be avoided at his election, provided it is done before ratifying it after he arrived at age. This, even at common law, he could not do when the contract was for his benefit.

These sections are to be construed together. It is clear that congress provided by these sections that a minor under 16 years of age cannot be enlisted, and, if done, it would be absolutely void, and he could not be held to service; but it is also clear that if he be 16 years old he can legally enlist. Congress, having so authorized, makes such enlistment legal, and thereby confers capacity on such minor to make the contract of enlistment. If the relator was by the law made competent to enter into this contract when over 16 years of age, he cannot for himself avoid it. Section 1117, requiring the written consent of parents or guardians, when under 21 years of age, was for the benefit of such parents, who might assert their right to his custody before majority, and does not affect the capacity of the minor to bind himself. It can hardly be maintained that congress intended to authorize a minor 16 years of age to enlist in the military service, and, after having so enlisted, to desert the service at any time before arriving of age, at his will and pleasure. Under section 1117, he could only be taken from the service on the application of the parents or guardian entitled to his custody, to either the secretary of war or through the instrumentality of the courts. In this construction of the statute I am borne out by several decisions of the courts. *In re Davison*, 21 Fed. Rep. 618; *U. S.* v. *Gibbon*, 24 Fed. Rep. 135. The only case to the contrary cited is *U. S.* v. *Hanchett*, 18 Fed. Rep. 26, where the judge did discharge the relator under his own application before he became 21 years of age.

The prayer of the petition is therefore denied, and he is remanded to the custody of the respondent.