BECK v. UNITED STATES.

(Circuit Court, S. D. New York.    December 9, 1897.)

CUSTOMS DUTIES—CLASSIFICATION—THOROUGHBRED HORSES.
    In order that a horse of pure breed, imported specially for breeding purposes, should be entitled to free entry, under paragraph 482 of the act of 1890, it was requisite that proofs of pedigree and identity, as prescribed by the second proviso to that paragraph, should be furnished to the customs officers; and, if this were not done, it was proper to assess the appropriate duty, and such assessment could not thereafter be disturbed by the court on proofs of pedigree, etc., produced before it.

This was an appeal by Leopold Beck from a decision of the board of general appraisers as to the classification for duty of a horse imported by him.

Walter Large, for plaintiff.
Henry C. Platt, Asst. U. S. Atty.

WHEELER, District Judge.    Paragraph 482 of the tariff act of 1890 provides:

"Any animal imported specially for breeding purposes shall be admitted free: provided, that no such animal shall be admitted free unless pure bred of a recognized breed, and duly registered in the book of record established for that breed: and provided further, that certificate of such record and of the pedigree of such animal shall be produced and submitted to the customs officer, duly authenticated by the proper custodian of such book of record, together with the affidavit of the owner, agent or importer, that such animal is the identical animal described in said certificate of record and pedigree."

One horse is claimed to be free under that paragraph.    The owner did not, however, at any time when the matter was before the customs officers, produce the proof required by the second provision of that statute.    The horse could not be free without that proof.    The assessment of duty was, therefore, correct when made.    Some proof has since been taken in this court, but that does not show that the assessment was not correct when made.    This court, sitting on appeal, is not a customs officer, to whom the evidence must, by the expressed provision of the statute, be submitted; and can only decide whether the proper proof was produced before the customs officers, as the law required.    It was not, and the decision of the board was correct.    Decision affirmed.