### DILLINGHAM v. BOOKER et al.

(Circuit Court of Appeals, Fourth Circuit. July 17, 1908.)

#### No. 729.

HABEAS CORPUS—NATURE OF RESTRAINT—UNLAWFUL ENLISTMENT OF MINOR.

 The civil courts should not interfere by habeas corpus to discharge a minor under 18 years of age who has been enlisted in either the military or naval service without the consent of his parents or guardian, if at the time of the presentation of the petition for the writ the minor is under arrest and held for trial by court-martial on a charge of desertion or fraudulent enlistment or other charge cognizable by a military or naval court.

 [Ed. Note.—For cases in point, see Cent. Dig. vol. 25, Habeas Corpus, § 16.]

Appeal from the District Court of the United States for the Eastern District of Virginia.

L. L. Lewis, U. S. Atty. (Robert H. Talley, Asst. U. S. Atty., on the brief), for appellant.

Before GOFF and PRITCHARD, Circuit Judges, and BOYD, District Judge.

GOFF, Circuit Judge. This appeal is from an order of the District Court of the United States for the Eastern District of Virginia, discharging on habeas corpus from the United States navy the appellee William Booker.

The record before us shows: That on the 23d day of April, 1906, William Booker enlisted as an apprentice seaman in the United States navy for the term of four years. That at the time of such enlistment he stated on oath that he was born at Osceola, Ind., on December 16, 1886. That on the 7th day of May, 1906, he deserted from the United States receiving ship Franklin, then at Norfolk, Va. That the appellant, the commanding officer of that vessel, offered a reward for his apprehension and return. That on October 6, 1906, he was returned to the appellant, having been arrested in the state of Indiana. That, as required by the laws relating to the government of the navy, court-martial proceedings were recommended by said commanding officer, and he was held for trial on the charge of desertion. That on October 8, 1906, the appellee Rooney Booker filed his petition asking for the discharge upon habeas corpus, of his son, the appellee William Booker. That the court below entered an order requiring the appellant to have the body of said enlisted seaman before the court at Norfolk, on October 15, 1906. That after the service of the said writ the court-martial proceedings were held in abeyance, until the hearing before the court, William Booker in the meanwhile being kept confined on board the United States ship Richmond. That as commanded by said writ the body was duly produced in court together with the return showing the cause of detention, when the appellees proved that William Booker was under the age of 18 years at the time he enlisted, and his enlistment was without the consent of his parents. That the return to the writ set forth, in substance, the facts hereinbefore mentioned, and asked that said seaman be returned to the custody of the respondent so that trial by court-martial for fraudulent enlistment and desertion might be had. That on the hearing the court below entered an order containing, among other provisions, the following:

"It appearing to the court that William Booker, being under the age of 18 years, was enlisted in the United States navy without the consent of his parent, the petitioner, and that consequently the said enlistment is illegal and in contravention of the statute in such case made and provided, and that the said William Booker is now unlawfully restrained of his liberty, it is further ordered by the court that the said William Booker be forthwith discharged from the custody of the said A. C. Dillingham and the United States navy, and be restored to the custody of his father."

That after such order had been entered the appellant asked for and was allowed the appeal now under consideration.

It is insisted by appellant that the court below erred in refusing to remand William Booker to the custody of the United States naval authorities, when it was clearly shown that he was being detained for trial on the charge of desertion, and that he was also liable to be proceeded against on the charge of fraudulent enlistment.

It is provided by statute that fraudulent enlistment is an offense against naval discipline, punishable by general court-martial. Act March 3, 1893, c. 212, 27 Stat. 716 (U. S. Comp. St. 1901, p. 1006). The Revised Statutes authorize the enlistment of boys between the ages of 16 and 18 years, with the consent of their parents or guardians. Section 1419, Rev. St. (U. S. Comp. St. 1901, p. 1007). The appellee

William Booker made oath when he was enlisted that he was over the age of 18 years, thereby rendering it unnecessary to secure the assent of his parents, and seemingly making his enlistment legal. Consequently, even though he was entitled to his discharge as a seaman, because he had not in fact been lawfully enlisted, it does not follow that he was not amenable to trial under the statute cited.

But, also, it was shown beyond question that he was being held for trial by court-martial for the crime of desertion, as provided for in the articles for the government of the navy. Section 1624 of the Revised Statutes (U. S. Comp. St. 1901, p. 1105) says:

"Such punishment as a court-martial may adjudge may be inflicted on any person in the navy, * * * who in the time of peace deserts or attempts to desert."

We think that the naval authorities had jurisdiction to hold and to try the appellee William Booker for both of the offenses mentioned. Such trials would necessarily have been as provided for by court-martial, and as such court would have had jurisdiction of such charges, the writ of habeas corpus should have been denied, pending the action of such court. Grimley's Case, 137 U. S. 147, 11 Sup. Ct. 54, 34 L. Ed. 636; Smith v. Whitney, 116 U. S. 167, 177, 6 Sup. Ct. 570, 29 L. Ed. 601; Ex parte Mason, 105 U. S. 696–699, 26 L. Ed. 1213; Dynes v. Hoover, 20 How. 65, 82, 15 L. Ed. 838.

The Supreme Court, in considering the crime of desertion in Kurtz v. Moffitt, 115 U. S. 487, 6 Sup. Ct. 148, 29 L. Ed. 458, said:

"From the very year of the Declaration of Independence, Congress has dealt with desertion as exclusively a military crime, triable and punishable in time of peace as well as in time of war, by court-martial only, and not by the civil tribunals; the only qualification being that since 1830 the punishment of death cannot be awarded in time of peace."

The crime of fraudulent enlistment is exclusively a military or naval offense, triable and punishable only by the court-martial, and it has been found necessary so to legislate in order to maintain the discipline and efficiency of the military and naval establishment of the government.

The appellee William Booker did enlist as an apprentice seaman, and did serve as such until he deserted. It may be admitted that he fraudulently enlisted. Still he was both de facto and de jure in the navy, until discharged therefrom by operation of law, and while he was so a seaman, he was subject to the rules and regulations of the navy, and liable to be tried and punished for any infraction of the laws relating thereto. To hold otherwise will make enlistment a farce, will destroy discipline, and offer a premium for desertion. It will not do to hold that he cannot be punished by court-martial for crimes committed when he was in the naval service, simply because his parents did not consent to his enlistment. The lack of such consent will necessitate his discharge from the service, but it will not absolve him from punishment for the crimes he committed when in the service.

The Circuit Court of Appeals for the Fifth Circuit, in United States v. Reaves, 126 Fed. 127, 60 C. C. A. 675, said:

"In the present case the minor had deserted the naval service. The executive authority, as appears by the return, had acted by proclaiming him a de-

serter, and offering a reward for his arrest, and he had been arrested before the writ was issued. And the case further shows that within a reasonable time after the arrest, and before the judgment in the Circuit Court, the Secretary of the Navy preferred formal charges for fraudulent enlistment and desertion. These charges can only be tried before a naval court-martial. Under this state of facts, on principle and authority, it must be held that the jurisdiction of the naval courts had fully attached, and that the naval authorities are entitled to the custody of the minor, notwithstanding the enlistment was without consent of his father and voidable on his demand."

In re Miller, 114 Fed. 838, 52 C. C. A. 472, Judge Shelby, speaking for the court said:

"That he (the minor) could not, but that the parents could, secure his release from the contract of enlistment, seems clear; * * * but that is very different from obtaining release in immunity from a prosecution for an offense committed against law. * * * His enlistment having made the prisoner a soldier, notwithstanding his minority, he is amenable to the military law just as the citizen who is a minor is amenable to the civil law. * * * When an enlisted soldier is imprisoned by military authority upon a charge of desertion or other military crime, a civil court will not interfere on habeas corpus when such military authorities have jurisdiction; and if a minor, over the age of 16 years, enlisted in the service, is so charged and detained, a civil court will not, either on his own application or that of his parents or guardian, discharge him until he has been released from the prosecution pending against him."

We are of opinion that the contention of appellant is well sustained by principle and authorities that the civil courts should not interfere by habeas corpus to discharge a minor under 18 years of age, who has been enlisted in either the military or naval service without the consent of his parents or guardian, if at the time of the presentation of the petition for the writ such minor is under arrest and held on any charge cognizable by either a military or naval court.

There is error in the order of the court below discharging the appellee William Booker, and the same will be reversed. This cause is remanded, with directions that said appellee be returned to the custody of the appellant to be further dealt with as authorized by law. His discharge from the service should not be ordered until the court-martial has disposed of the pending charges.

Reversed.