---

### Ex parte ROCK.

(Circuit Court, N. D. Ohio, E. D. February 17, 1909.)

No. 7,709.

HABEAS CORPUS (§ 16*)—ARMY AND NAVY (§ 44*)—DETENTION UNDER MILITARY AUTHORITY—UNLAWFUL ENLISTMENT OF MINOR.

The fact that a person was enlisted in the navy before reaching the required age and in violation of the statute does not render his enlistment void, and he is subject to arrest and punishment for desertion or other infraction of the rules and regulations of the navy, and cannot be dis-

*For other cases see same topic & § NUMBER in Dec. & Am. Digs. 1907 to date, & Rep'r Indexes

charged on writ of habeas corpus pending proceedings against him therefor.

[Ed. Note.—For other cases, see Habeas Corpus, Cent. Dig. § 16; Dec. Dig. § 16;* Army and Navy, Cent. Dig. § 92; Dec. Dig. § 44.*]

Application for Writ of Habeas Corpus.

Lawrence, Russell & Eichelberger, for plaintiff.
William L. Day, U. S. Dist. Atty., for defendant.

TAYLER, District Judge. This is an application by Charles J. Rock, father of Ralph J. Rock, to obtain a discharge of the son by means of a writ of habeas corpus.

Ralph J. Rock has been arrested by the United States naval authorities on a charge of desertion, and has been confined for safekeeping with the sheriff of Cuyahoga county, pending removal to a naval station. The ground upon which the claim is made that the son should be discharged is that his enlistment in the United States navy as an apprentice seaman April 30, 1907, was void; he being then under the age of 18 years, and no certificate of birth, or written evidence other than his own statement, satisfactory to the recruiting officer, showing the applicant to be of age required by naval regulations, having been presented with the application for enlistment, and his parents or guardian not having consented to his enlistment.

The act making appropriations for the naval service for the fiscal year ending June 30, 1907, passed June 29, 1906, provides:

"That no part of this appropriation shall be expended in recruiting seamen, ordinary seamen or apprentice seamen, unless a certificate of birth or written evidence other than his own statement, satisfactory to the recruiting officer, showing the applicant to be of age required by naval regulations, shall be presented with the application for enlistment." Act June 29, 1906, c. 3590, 34 Stat. 555.

This was the first time such a provision appeared in an appropriation bill. Prior to that, the Revised Statutes authorized the enlistment of boys between the ages of 16 and 18 years with the consent of their parents or guardians. Young Rock enlisted about two months before he became 16 years of age, having stated under oath that he was 18 years and 11 months old, and thereafter served in the navy, receiving the usual rate of pay, until about the 28th day of September, 1907, when, being 16 years and 3 months old, he deserted. The claim is made that, under these circumstances, his enlistment was void, and that, therefore, the military authorities have no jurisdiction to try or punish him for an offense committed during the period that he was supposed to be an enlisted man.

No case has yet arisen, so far as the reports show, construing the particular provision of the statute to which reference has just been made as being in effect at the time that Rock enlisted; but it seems to me that, on principle as well as authority, it is impossible to escape the conclusion laid down in Dillingham v. Booker et al. (C. C. A.) 163 Fed. 696. The act of 1906 undoubtedly had the effect of justifying the accounting officer in refusing to pass the account of the re-

cruiting officer who recruited Rock, in the absence of the certificate
or other written evidence referred to in the provision of the appropria-
tion bill. As said in Dillingham v. Booker, supra:

"It may be admitted that he fraudulently enlisted. Still he was both de
facto and de jure in the navy, until discharged therefrom by operation of law,
and while he was so a seaman, he was subject to the rules and regulations of
the navy, and liable to be tried and punished for any infraction of the laws
relating thereto. To hold otherwise will make enlistment a farce, will destroy
discipline, and offer a premium for desertion. It will not do to hold that he
cannot be punished by court-martial for crimes committed when he was in
the naval service, simply because his parents did not consent to his enlist-
ment."

It is quite true that his service might at any time be ended upon
the application of his parents, but for acts committed by him while
thus in the service undoubtedly military discipline would require that
the rules customarily applicable to such a case should be enforced.
If his enlistment was void, then there was no right to discipline
him at any period of his service, even though he was not undertak-
ing to escape it. If his enlistment was void (which means that he
was never in the service), then any act by any person claiming to be
in authority over him, whereby any of the natural rights of the al-
leged enlisted man were denied to him, as, for instance, if he had
been imprisoned for an hour, or a day, or a week, because of some
infraction of the rules, a civil action for damages would lie in his
favor, or in favor of his parents, against the particular individuals
who were responsible for such punishment.

No rule of law, it seems to me, can be cited that will ever protect
a public officer from the consequences of any act which he may imag-
ine he is performing as a public officer, but which involves an exer-
cise of authority by him as to some person over whom he is absolute-
ly without authority. To hold that this young man cannot be held
to respond to the disciplinary rules of the navy under the circum-
stances of this case is, as it seems to me, to deny all authority in the
military arm over persons who may appear or seem to be in the pub-
lic service.

The act of Congress does not declare that such an enlistment as
we have in this case is void, but only seeks to protect against the
enlistment of persons who are not of the age which the law requires
by a provision limiting the expenditure of money to cases in which
it does appear that the person thus enlisted is of the required age.

The application will, therefore, be denied, and an order made turn-
ing Ralph J. Rock over to the naval officer authorized to receive him.