Ex parte DUNAKIN.

(District Court, E. D. Kentucky. January 7, 1913.)

No. 2,140.

1. HABEAS CORPUS (§ 16*)—ENLISTING OF MINORS.

A minor, who enlisted in the army without the consent of his parent or guardian, and thereafter deserted, was not entitled to discharge from arrest for such offense on habeas corpus issued on his own behalf.

[Ed. Note.—For other cases, see Habeas Corpus, Cent. Dig. § 16; Dec. Dig. § 16.*]

2. HABEAS CORPUS (§ 16*)—ENLISTMENT OF MINORS—MILITARY OFFENSE— DESERTION—DISCHARGE ON HABEAS CORPUS—APPLICATION BY PARENT.

Where a minor enlisted without the consent of his parent or guardian, and thereafter deserted, he was a de jure soldier, subject to military

*For other cases see same topic & § NUMBER in Dec. & Am. Digs. 1907 to date, & Rep'r Indexes

jurisdiction, and his parent was therefore not entitled to his release from custody on habeas corpus prior to the expiation of his military offense.

[Ed. Note.—For other cases, see Habeas Corpus, Cent. Dig. § 16; Dec. Dig. § 16.*]

3. ARMY AND NAVY (§ 19*)—ENLISTMENT OF MINORS—CONSENT OF PARENT.
Where a minor enlisted without the consent of his parent or guardian, and his mother, who was his surviving parent, on learning of his enlistment shortly thereafter, did nothing to repudiate the same or to secure his release, and testified that she would have been reconciled to it, had he remained in the army and not deserted, but that after his desertion she wanted to keep him out of the army, her acts constituted an implied consent to his enlistment.

[Ed. Note.—For other cases, see Army and Navy, Cent. Dig. §§ 45-50; Dec. Dig. § 19.*]

Habeas corpus by Charles A. Dunakin and Eliza H. Dunakin, his mother, to obtain a release of Charles A. Dunakin from the custody of civil officers on the charge of desertion from the United States army. Denied.

J. A. Edge, of Lexington, Ky., for petitioner.
Edwin P. Morrow, U. S. Atty., of Somerset, Ky., opposed.

COCHRAN, District Judge. This cause is before me on writ of habeas corpus sued out by Charles A. Dunakin and Eliza H. Dunakin, his mother, by which they seek the release of the former from the custody of J. J. Regan, chief of police of the city of Lexington. The petitioner, Charles A. Dunakin, enlisted in the United States army on the 24th day of April, 1912, and deserted September 21, 1912. Thereupon a reward of $50 was offered for his arrest and delivery to the military authorities at the nearest military post. To obtain this reward he was arrested by Regan, and is held by him for the purpose of so delivering him. The ground upon which his release is sought is that he was a minor at the time of his enlistment, and enlisted without the consent of his mother, the petitioner Eliza H. Dunakin.

It is conceded that such was the case. He was born April 4, 1892. His mother was his then only living parent, and he had no guardian. He made oath that he was 21 years of age, and thereafter he was transported to his station, furnished with uniform and equipment, and received pay as a soldier. The statutory provisions relevant to the inquiry whether the petitioners are entitled to his release are sections 1116, 1117, 1118, and 1342, art. 3, U. S. Rev. Statutes (U. S. Comp. St. 1901, pp. 813, 814, 944).

[1] It is certain that the minor himself is not entitled to his release. It was held otherwise in the case of United States v. Hanchett (C. C.) 18 Fed. 26, and the presupposition of Mr. Justice Story's opinion in the case of United States v. Bainbridge, Fed. Cas. No. 14,497, is to the same effect. But the following cases are against his right thereto, to wit: In re Wall (C. C.) 8 Fed. 85; In re Davison (C. C.) 21 Fed. 618; In re Hearn (D. C.) 32 Fed. 141; In re Spencer (D. C.) 40 Fed. 149; Solomon v. Davenport, 87 Fed. 318, 30 C. C. A. 664; Morrissey v. Perry, 137 U. S. 157, 11 Sup. Ct. 57, 34 L. Ed. 644. The last of

*For other cases see same topic & § NUMBER in Dec. & Am. Digs. 1907 to date, & Rep'r Indexes

these cases, being a decision of the Supreme Court of the United States, is conclusive of the matter. In the case of United States v. Gibbon (D. C.) 24 Fed. 135, it was held that a minor is not entitled to a release, even though held only under his enlistment.

Then how is it as to the mother? Were her son held only under his enlistment, she would be entitled to his release. Com. v. Downes, 24 Pick. (Mass.) 227; In re McDonald, Fed. Cas. No. 8,752; In re Perrone (D. C.) 84 Fed. 150. And the following cases may be cited in support of the position that she is entitled to his release, even though he is held, not under his enlistment, but for the military offense of desertion: Seavey v. Seymour, Fed. Cas. No. 12,596; McNulty's Case, Fed. Cas. No. 8,917; In re Baker (C. C.) 23 Fed. 30; In re Chapman (C. C.) 37 Fed. 327, 2 L. R. A. 332; In re Carver (C. C.) 103 Fed. 624; Ex parte Reaves (C. C.) 121 Fed. 848; Ex parte Lisk (D. C.) 145 Fed. 860; Ex parte Bakley (D. C.) 148 Fed. 56; Dillingham v. Bakley, 152 Fed. 1022, 82 C. C. A. 659.

[2] But the overwhelming weight of authority is against her right. In the following cases it has been held that the parent or guardian of a minor 16 years of age or over, who has enlisted without consent, is not entitled to his custody when held for a military offense, and not simply under his enlistment: In re Cosenow (C. C.) 37 Fed. 668; In re Kaufman (C. C.) 41 Fed. 876; In re Dowd (D. C.) 90 Fed. 718; In re Miller, 114 Fed. 838, 52 C. C. A. 472; United States v. Reaves, 126 Fed. 127, 60 C. C. A. 675; In re Lessard (C. C.) 134 Fed. 305; In re Carver (C. C.) 142 Fed. 623; In re Scott, 144 Fed. 79, 75 C. C. A. 237; Moore v. United States, 159 Fed. 701, 86 C. C. A. 569; Ex parte Lewkowitz (C. C.) 163 Fed. 646; Dillingham v. Booker, 163 Fed. 696, 90 C. C. A. 280, 18 L. R. A. (N. S.) 956, 16 Ann. Cas. 127; Ex parte Rock (C. C.) 171 Fed. 240; Ex parte Hubbard (C. C.) 182 Fed. 76. Amongst these cases are decisions by the Circuit Courts of Appeal for the Fourth, Fifth, and Ninth Circuits. The case of Dillingham v. Bakley, cited in favor of the right, was also a decision of the Fourth Circuit Court of Appeals. The opinion therein merely adopted the opinion of Judge Waddill in Ex parte Bakley. It was not referred to in the later case of Dillingham v. Booker, and must be accepted as having been overthrown thereby.

No appellate court, therefore, can now be cited in support of the right asserted here. And it seems to me on principle she is not entitled to the custody of her son. In the case of Morrissey v. Perry, supra, Mr. Justice Brewer, in referring to the minor who sought his release in that case, said:

"He was not only de facto, but de jure, a soldier—amenable to military jurisdiction."

Such was the status of the minor here when he deserted. He was de jure a soldier, and hence could commit the military offense of desertion. Whilst, then, the mother was entitled to his custody as against the United States under his enlistment, she is not entitled to it as against his being held for such offense; for the parent has no right to his child's custody as against his being punished for such offenses as he may commit. After her son has been tried for the

alleged offense and been released, she can then assert her right to his custody if he is then a minor.

[3] But there is a special reason in this case for denying her petition. She learned of her son's enlistment a short time afterwards, and acquiesced in it. On the trial of the writ she testified as follows:

"After he left, he wrote back to me and said that he had enlisted in the army, and I thought I would reconcile myself to it, as he was so far out West. I had no means to do anything, but I thought I could get along. I had never given it a thought. His father was a soldier in the Federal army, and had served his time in the Federal army, and my father had been in John Morgan's Confederate cavalry, and I made up my mind that I would just leave him alone; but when he came back to Lexington, and was out of the army, I wanted to keep him out."

And again, in answer to a question as to whether she would have made any effort to obtain his release, had he never left the army, she testified as follows:

"Why I would have allowed him to remain in the army, and would have been reconciled and felt proud of him, because he would have been following his father's footsteps."

The petition for release is denied, and orders will be entered accordingly.