### Ex parte KEREKES.

(District Court, E. D. Michigan, S. D.    August 16, 1921.)

No. 7697.

1. Habeas corpus ⬥59—Court bound to assume truth of allegations of petition, when uncontroverted.

   The court is bound to assume the truth of uncontroverted allegations in a petition for a writ of habeas corpus.

2. Habeas corpus ⬥3—Petitioner, who deserted after improper induction into army, not entitled to writ, where he did not avail himself of proper legal remedy.

   Where a nondeclarant alien, a citizen of Austria-Hungary, was erroneously inducted into and retained in the military service of the United States during the war with Germany, after having been given an exempt classification by a draft board, but he did not avail himself of the proper legal remedy to obtain appropriate relief, and, on the

⬥For other cases see same topic & KEY-NUMBER in all Key-Numbered Digests & Indexes

other hand, deserted, he is not entitled to the extraordinary writ of habeas corpus to procure his release from custody of the military authorities as a deserter.

3. **Army and navy** ⬅➡44(2)—**Military authorities have jurisdiction of improperly inducted deserter.**

The military authorities have the power and right to arrest and bring to trial on the charge of desertion one who, after being inducted into the army and becoming subject to military law, defied the orders of his superior officers and deserted, though he had been inducted into the army improperly in the first place, having been accorded exemption under the Selective Service Act (Comp. St. 1918, Comp. St. Ann. Supp. 1919, §§ 2044a–2044k), in force during the war with Germany, as a nondeclarant alien.

4. **Habeas corpus** ⬅➡85(1)—**Court will not assume military tribunal will deny fair hearing.**

The District Court of the United States will not assume, on petition for habeas corpus by one held in custody by the military authorities as a deserter, that the proper military tribunal to try the offense will deny to petitioner a full and fair hearing, or will deprive him of any rights to which he is entitled on account of having been improperly inducted into the army in the first place, after having been accorded exemption as a nondeclarant alien under the Selective Service Act (Comp. St. 1918, Comp. St. Ann. Supp. 1919, §§ 2014a–2044k), in force during the war with Germany.

Habeas Corpus. In the matter of the petition of Joseph Kerekes for a writ to secure release from custody on a charge of desertion. Petition denied, without prejudice to its renewal.

Asher L. Cornelius, of Detroit, Mich., for petitioner.

TUTTLE, District Judge. This is a petition for a writ of habeas corpus, to be directed to the commanding officer of the United States military post at Ft. Wayne, in this district, where petitioner alleges that he is now confined in the guardhouse upon a charge of desertion from the United States army. The material facts alleged in the petition are as follows:

That petitioner was, during the year 1917, and prior thereto, a citizen of Austria-Hungary, and that he has never declared his intention to become a citizen of the United States; that he came to the United States in 1917, and that at the time of his induction into the military service of the United States he understood the English language very imperfectly; that in June, 1917, he was required to register under the Selective Service Act (Comp. St. 1918, Comp. St. Ann. Supp. 1919, §§ 2044a–2044k), and was thereupon furnished with a questionnaire in the regular form, furnished by the draft board, containing an affidavit for the purpose of claiming exemption, which petitioner duly executed, claiming exemption from military service on the ground that he was a nondeclarant alien, being a citizen of Austria-Hungary, and duly filed said questionnaire and claim for exemption with the proper local draft board in the city of Detroit, where he resided; that thereafter said board classified petitioner in "class 5," the proper class for nondeclarant aliens, and for alien enemies; that afterwards, and during the latter part of August or the early part of Sep-

tember, 1917, petitioner was duly certified to the military authorities as being properly registered in "class 5"; that thereafter, and about the latter part of August, 1917, petitioner, having been notified to appear for physical examination, so appeared and informed those in charge of such examination of his exemption, but nevertheless he was ordered to submit to a physical examination, which he did to avoid arrest; that shortly afterwards he was ordered to appear for induction into the army, and, to avoid arrest, he obeyed such order, and was afterwards taken to Camp Custer under protest and compelled to take the oath in the army, which he did to avoid arrest; that at each step in his induction into the army petitioner protested that under the law he was not liable to military service; that his induction into such military service, after being placed in the proper classification, was a flagrant violation of his rights, of the rules of the War Department, and of the Selective Service Act; that shortly after being so inducted into such military service, and believing that his detention and confinement in such service was illegal, but not knowing any other means of securing his release, in December, 1917, without leave from the military authorities at Camp Custer, he then and there fled to escape further restraint and confinement in such military service, and was not apprehended until July, 1921; that he is now confined at said military post at Ft. Wayne, and is about to be court-martialed under the military laws as a deserter.

The petition concludes with a prayer for a writ of habeas corpus and a writ of certiorari, directed to the officer in charge of said post, directing the latter to produce said petitioner before this court for inquiry into the cause of his imprisonment and detention, and to certify to this court all the proceedings which have taken place before said officer and said draft board, in the possession or custody of such officer.

[1] While it is clear that, assuming, as this court is bound to do at this stage of the proceeding, the truth of the allegations in the petition, petitioner was erroneously inducted into, and retained in, the military service of the United States, from which his status as a nondeclarant alien exempted him under the express terms of the Selective Service Act, yet from such petition it is equally clear that he was actually inducted into such service: that he took, although unwillingly, "the oath in the army"; that about 3 months afterwards, without having, so far as appears from his petition, resorted to the proper procedure afforded by law for the purpose of obtaining release from such service, or having been denied an opportunity so to do, he "fled" from the army, "without leave," in order to escape, and "was not apprehended" until 3½ years later; and that he is now confined at a military post and is "about to be court-martialed under the military laws as a deserter."

It thus appears that the imprisonment from which petitioner asks this court to free him is not an alleged unlawful detention in the army as a soldier, but his confinement in the guardhouse preparatory to his trial under the military laws on a charge of desertion from the army.

[2] Even assuming that the real grounds for the release prayed

were his unlawful induction into, and retention in, the military service, the total absence of any showing, or, in fact, allegation, of an attempt to avail himself of the proper legal remedy for obtaining appropriate relief, makes it plain that he is not now entitled to the extraordinary writ of habeas corpus. Ex parte Blazekovic (D. C.) 248 Fed. 327.

[3] As already noted, however, it not only appears from, but is distinctly stated in, the petition that the detention from which petitioner seeks release is his confinement in the guardhouse upon a "charge of deserting from the United States army," and that "said confinement is by virtue of a military order for petitioner's arrest," and that he is about to be tried "under the military laws as a deserter." It is not claimed that the court-martial by which petitioner is thus about to be tried is without jurisdiction to proceed with such trial. Indeed, it seems apparent from the allegations in the petition that, as petitioner was inducted into the army and subsequently fled therefrom, without leave, in order to escape, the legality of such court-martial is not, and cannot successfully be, challenged on the ground of lack of jurisdiction. It cannot be doubted that the military authorities have the power and right, so essential to the enforcement of obedience to orders and the maintenance of necessary discipline, to arrest and bring to trial, on the charge of desertion, one who, after being inducted into the army and becoming subject to military law, defies the orders of his superior officers and deserts.

[4] If, then, the military authorities have jurisdiction to try the petitioner on the charge on which he is imprisoned, the question whether, under the facts and law involved, he is guilty of the crime of desertion, is a question to be determined by such authorities under the legal rules and principles applicable, and in conformity with due process of law. In re Scott, 144 Fed. 79, 75 C. C. A. 237; Dillingham v. Booker, 163 Fed. 696, 90 C. C. A. 280, 18 L. R. A. (N. S.) 956, 16 Ann. Cas. 127. It is not alleged by petitioner, and it certainly will not be assumed by this court, that the proper military tribunal will deny to petitioner a full and fair hearing or will deprive him of any rights to which he is entitled. Dillingham v. Booker, supra.

The petition must therefore be denied, without prejudice to its renewal if and when it shall appear hereafter to be necessary and proper.