---

Joseph P. Jenkins, of Cohen, Schnider, Shamberg, Joyce, Jenkins & Ross, Kansas City, Kan., for petitioner.

William C. Farmer, U. S. Atty., Topeka, Kan., Milton P. Beach, Asst. U. S. Atty., Kansas City, Kan., Lt. Col. Cecil L. Forinash, Judge Advocate General's Corps Dept. of the Army, Washington, D. C., Lt. Col. Peter S. Wondolowski, Judge Advocate General's Corps Dept. of the Army, Washington, D. C., for respondent.

**Eugene M. BARRETT, Petitioner,**

v.

**C. H. LOONEY, Warden, United States Penitentiary, Leavenworth, Kansas, Respondent.**

**No. 2418 H.C.**

United States District Court
D. Kansas.

Sept. 12, 1957.

HUXMAN, District Judge Assigned.

The petitioner, Eugene M. Barrett, is in the custody of respondent, C. H. Looney, as Warden of the United States Penitentiary at Leavenworth, Kansas, and seeks relief from such custody by writ of habeas corpus. Petitioner is confined in the Penitentiary under sentence of a military court-martial. On February 27, 1948, after trial, the military court-martial found petitioner guilty as charged and imposed an onerous sentence upon him. The findings and sentence of the Court were disapproved by the reviewing authorities and a rehearing was ordered. At the rehearing, petitioner was again adjudged guilty and on April 24, 1948, he received a prison sentence, in addition to other sentences, of

35 years confinement at hard labor, which was subsequently reduced to 12 years. It is with respect to this sentence that petitioner is now in the custody of the respondent at the Federal Penitentiary at Leavenworth, Kansas.

Petitioner alleges, and the Court will take the allegation as a fact, that he was born February 19, 1930; that on January 19, 1946, being under the age of 16 years, he enlisted in the United States Army. It does not appear whether his enlistment was with or without parental consent, but in the view of the Court that is immaterial to the decision. At the time of the alleged commission of the offenses for which he was tried and sentenced by the military court-martial, he was 17 years old.

Petitioner's contention is that at the time he enlisted the minimum age for enlistment was 16 years. There is some question whether the minimum age was 16 or 17 years,[1] but again that is immaterial because in any event he could not lawfully enlist at the age of 15 years. It is petitioner's contention that his enlistment at the age of 15 years was illegal and void and could never ripen into a valid enlistment, and that at all times up to and including the time of his trial he retained a civilian status and that, therefore, the Army court-martial had no jurisdiction to try him. While the question is not free from doubt, it is the Court's conclusion that petitioner's contention is not well taken. There are a number of cases that have considered the question of the legal effect of the enlistment of a person below the minimum age when the Army, by law, may receive a person into military service.

The overwhelming authority seems to be to the effect that an under age enlistment is void. The most recent case seems to be that of United States v. Blanton, 7 U.S.C.M.A. 664. There the accused enlisted in the Army when he was 14 years old. While he was still 15 years old, he deserted and was subsequently tried by court-martial. The Court held that the enlistment was absolutely void and that at no time did the Army have jurisdiction of Blanton, and that the sentence of the Court was void. It is of significance that in that case the accused deserted before he had reached the minimum age when he could enlist. The Court also found that "at no time was he on active duty at an age when he was legally competent to serve in the military * * * In sum, the court-martial has no jurisdiction over the accused." The opinion in the Blanton case must be limited to the facts of that case and is no authority or guide to the status of such a person after he passes the minimum age when with the consent of his parents he could enlist.

The cases of In re Davison, C.C., 21 F. 618, and In re Miller, 5 Cir., 114 F. 838, on which petitioner relies, are of no help, because in both the question before the Court was the validity of an enlistment by a minor over the minimum statutory age, but without the required parental consent. In both cases, however, there is dictum to the effect that an enlistment of a minor under the minimum statutory age is void and that the status of a soldier is never attained.

The question was also before the Court in In re Hearn, D.C., 32 F. 141, 142, where the Court said, "It is clear that congress provided by these sections that a minor under 16 years of age cannot be enlisted, and, if done, it would be absolutely void, and he could not be held to service * * *"

Probably the most famous decision on this question is the case of Hoskins v. Pell, 5 Cir., 239 F. 279, 283. There Pell, a minor, under the age of 16, took the oath of enlistment, was accepted, and then immediately returned to the home of his parents. The right of the military to arrest him was challenged by a writ of habeas corpus and the Court held that the plain language of the statutes left no doubt that an enlistment of a minor under 16 years of age was absolutely void. The Court did add by dictum that "It is not denied that such an enlistment may be

---

[1]. See 50 U.S.C.App. §§ 1531 to 1533.

validated by the minor's continuing in the service until he reaches the age which qualifies him for enlistment * * * "

There is some authority to the contrary. In the case of In re Cosenow, C.C., 37 F. 668, 670, the Court stated, "An enlistment contrary to law is not void, but voidable * * * If a minor under the age of 16 years be enlisted in violation of section 1118, we should have no doubt that such an enlistment was voidable at the election of the minor himself." [2]

The precise question for decision is, can an enlistment which is absolutely void ripen into one which is valid, or at most voidable, if the applicant remains in the service until after the date when he attains the age when he could have enlisted.

In Ex parte Hubbard, C.C., 182 F. 76, 81, the petitioner fraudulently enlisted in the Army when he was under the minimum statutory age of 16 years. He continued to serve in the Army and receive his pay until after he passed the minimum age of 16 years and then deserted. He was thereafter apprehended, tried and sentenced by court-martial. The Court held, "Moreover, in the case at bar, Hubbard's service and his receipt of pay continued long after the 16-year limit had been passed. It is not to be supposed that a boy who has enlisted under 16, whether with or without his parents' consent, may continue in the service until he is nearly or quite of age, and then defend himself against a charge of desertion on the ground that his original enlistment was entered into when he was under 16. By remaining in the service and by receiving pay between 16 and 18,

he may not ratify his contract of enlistment in the strict sense of ratification, *but his acts are the equivalent of an enlistment after 16* [3] * * * I hold, therefore, that one recruited under 16, who has continued to serve and receive pay after passing that age, who has deserted, has been tried for desertion, and has been convicted and sentenced therefor, stands like a minor who has enlisted without his parents' consent when over 16." [4]

■ It is the law without question that where one enlists above the minimum age at which he can be received into the military service, but below the age when he may enlist without the consent of his parents, he is in the Army, and his parents alone may ask for his discharge. Such a person is without power to raise the question of lack of parental consent.

■ While the question is not entirely free from doubt, it is the conclusion of the Court that where one enlists in the Army below the age at which he can be received into the Army, but remains in the Army beyond the age when he can enlist with his parents' consent, that he is in the Army and that the lack of parental consent is not fatal to the jurisdiction of the Army over him. That being the factual situation here, it is the conclusion of the Court that petitioner is in the lawful custody of the Warden under a valid sentence by court-martial and that he is not entitled to release from such custody. The application for release by writ of habeas corpus is, therefore, denied and it is the judgment of the Court that petitioner be, and he hereby is remanded to the custody of respondent.

---

2. To the same effect see Ex parte Beaver, D.C., 271 F. 493.

3. Emphasis supplied.

4. To the same effect see Allen v. Wilkinson, D.C., 129 F.Supp. 73.